## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

RECEIVED

17 JUL -5 AM 9: 55

U.S. BANKRUPTCY COURT
ST. PAUL, MN

In re

Paul R. Hansmeier,

*Debtor.*

Bky No. 15-42460

Chapter 7

-------------------------------------------------------

Paul R. Hansmeier,

*Plaintiff.*

v.

Dan Booth; Paul Godfread; and Jason Sweet,

*Defendants.*

ADV No. 17-

**COMPLAINT**

Paul Hansmeier ("Hansmeier"), as and for his Complaint against Dan Booth ("Booth"), Paul Godfread ("Godfread") and Jason Sweet ("Sweet"), states and alleges:

1.    This bankruptcy case was commenced by the filing of a voluntary petition under Chapter 13 on July 13, 2015. The case was converted to one under Chapter 7 on December 3, 2015, and Hansmeier is the Debtor.

2.    This is an action for contempt, sanctions and damages pursuant to 11 U.S.C. §§ 105 and 362.

3.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.     This is a core proceeding pursuant to 28 U.S.C. 152(b)(2)(A), (B), (C), (I) and (O), 11 U.S.C. § 105, and Rule 7001(7).

## THE PARTIES

5.     Plaintiff Paul Hansmeier is the Debtor in the above-captioned Bankruptcy Case.

6.     Defendant Jason Sweet is an attorney with the law firm of Booth Sweet LLP, whose principal office address is 32R Essex Street, Studio 1A Cambridge, MA 02139.

7.     Defendant Dan Booth is an attorney with the law firm of Booth Sweet LLP, whose principal office address is 32R Essex Street, Studio 1A Cambridge, MA 02139.

8.     Defendant Paul Godfread is an attorney with the law firm of Godfread Law Firm, whose principal office address is 6043 Hudson Road, Suite 305 Woodbury, MN 55125.

## INTRODUCTION

9.     This Complaint seeks relief against Defendants Godfread and Sweet pursuant to 11 U.S.C. § 105 for submitting false Proofs of Claims in Hansmeier's bankruptcy case. Godfread and Sweet's false Proofs of Claims caused Hansmeier's Chapter 13 case to be converted to Chapter 7. The false claims and subsequent conversion inflicted enormous harm on Hansmeier in the form of increased attorneys' fees and costs, increased living expenses, a significant loss of Hansmeier's assets to the Chapter 7 estate, and emotional distress. Hansmeier seeks a sanction against Godfread

2

and Sweet in an amount sufficient to compensate him for the harm caused by their submission of false Proofs of Claims.

Hansmeier also seeks sanctions against Defendants Booth and Sweet for violation of the automatic stay. On August 4, 2016, the United States Court of Appeals for the First Circuit vacated a judgment entered against Hansmeier and remanded the matter to the United States District of Massachusetts. On remand, during the pendency of the automatic stay, and without leave of this Court, Booth and Sweet attempted to have judgment reentered against Hansmeier. Booth and Sweet's attempt to have judgment reentered against Hansmeier was a willful violation of the automatic stay. Hansmeier seeks actual and punitive damages against Booth and Sweet.

## FACTUAL BACKGROUND

*Hansmeier Files a Chapter 13 Petition And Proposes A 100% Plan*

10.    Hansmeier filed a Chapter 13 petition on July 13, 2015. Hansmeier's Chapter 13 plan proposed to pay all of the creditors listed in the schedules to his Chapter 13 petition in full, with interest.

11.    The schedules to Hansmeier's Chapter 13 petition did not list Alan Cooper or Paul Godfread as creditors.

12.    Following the meeting of the creditors, Hansmeier entered into a contract for the sale of his house. The net proceeds of the sale of Hansmeier's house were sufficient to pay all of the unsecured claims listed in the schedules to his Chapter 13 plan. Hansmeier amended his Chapter 13 plan to provide for the immediate payment of all of his unsecured creditors, with interest.

3

*Claims Within The Scope Of This Complaint*

13.     The following claims are within the scope of this Complaint.

| Claim No. | Claimant | Claim Amount | Exhibit # |
|---|---|---|---|
| 9 | Paul Godfread | $678,865.97 | 1 |
| 10 | Alan Cooper | $678,865.97 | 2 |
| 11 | Alan Cooper | $255,000.00 | 3 |
| 15 | Alan Cooper | $679,651.65 | 4 |
| 16 | Paul Godfread | $679,651.65 | 5 |
| 18 | Alan Cooper | $255,000.00 | 6 |

The preliminary pages of each claim are attached as the Exhibit # identified above.

*Sweet Submits Proofs Of Claims 9 And 10*

14.     On November 9, 2015, Jason Sweet submitted Proofs of Claims 9 and 10 in

Hansmeier's bankruptcy case on behalf of his clients Paul Godfread and Alan Cooper.

Each claim was in the amount of $678,865.97. Jason Sweet signed the proof of claim as

Godread and Cooper's authorized agent. Sweet's representations in the Proofs of Claims

were made under the penalty of perjury.

15.     Claims 9 and 10 purportedly arose out of litigation in the U.S. District

Court for the Northern District of Illinois, Case No. 13-cv-1569. According to the Proofs

of Claims filed by Sweet, the basis for the claims was "judgment against debtor". In fact,

there was no judgment entered against Hansmeier on the asserted claim.

16.     On April 9, 2015, United States District Court Judge, John W. Darrah

entered an order in the Illinois litigation denying Cooper and Godfread's request to

impose joint and several liability against Hansmeier. The court denied the request due to

4

the fact that Hansmeier was not designated as a party to the litigation had had not been made a party by service of process. A copy of the order is attached hereto as Exhibit 7.

17. Sweet was counsel for Cooper and Godfread in the Illinois litigation. When Sweet submitted Proofs of Claims 9 and 10, he was on actual notice of Judge Darrah's order and knew that there was no judgment entered against Hansmeier in the Illinois litigation.

18. Nevertheless, Sweet falsely represented under the penalty of perjury that the basis for Proofs of Claims 9 and 10 was a "judgment against debtor" arising from the Illinois litigation.

*Godfread Submits Proof Of Claim 11*

19. On November 9, 2015, Paul Godfread submitted Proof of Claim 11 on behalf of his client, Alan Cooper. Proof of Claim 11 was in the amount of $255,000.00. Godfread signed the Proof of Claim as Cooper's authorized agent. Godfread's representations in the Proof of Claim were made under the penalty of perjury. A copy of Proof of Claim 11 is attached hereto as Exhibit 4.

20. Proof of Claim 11 purportedly arose out of litigation in Hennepin County, Minnesota. According to Proof of Claim 11, the basis for the claim was "judgment against debtor". In fact, there was no judgment entered against Paul Hansmeier on the asserted claim.

21. Attached to Proof of Claim 11 is an Order for Judgment dated July 15, 2015. A copy of the Order for Judgment is attached hereto as Exhibit 5. The Order for Judgement is a judgment against Prenda Law, Inc. Hansmeier's name does not appear in

5

the Order for Judgment. In fact, during in the Hennepin County litigation, Godfread attempted to have judgment entered against Hansmeier. Godfread's attempt was unsuccessful. Hansmeier was never a party to the Hennepin County litigation.

22.     Goodfread was counsel for Cooper in the Hennepin County litigation. When Godfread submitted Proof of Claim 11, he was on actual notice of the fact that no judgment had been entered against Hansmeier.

23.     Nevertheless, Godfread falsely represented under the penalty of perjury that the basis for Proof of Claims 11 was a "judgment against debtor" arising from the Hennepin County litigation.

*Proofs of Claims 9, 10 And 11 Cause Hansmeier's Case To Be Converted To Chapter 7*

24.     On November 12, 2015—*i.e.* three days after Godfread and Sweet submitted their false Proofs of Claims—the U.S. Trustee moved to convert Hansmeier's case "for cause" to a case under Chapter 7 of the Bankruptcy Code. In its motion, the U.S. Trustee argued that Hansmeier's Chapter 13 plan was not, in fact, a 100% plan because it did not provide for payment of the approximately $1.6 million represented by Proofs of Claims 9, 10 and 11.

25.     On November 16 and 17, Hansmeier filed objections to Proofs of Claims 9, 10 and 11. Hansmeier's objections argued that the Proofs of Claims should be denied because there was no "judgment against debtor" with respect to any of the claims.

26.     Although on actual notice of the falsity of the Proofs of Claims, Godfread and Sweet did not withdraw their Proofs of Claims.

27. On December 3, 2015—*i.e.*, before the Court was scheduled to hear Hansmeier's claim objections—the Court heard the U.S. Trustee's motion to convert.

28. At the hearing, Hansmeier's counsel argued that the Court should decide Hansmeier's objections to Claims 9, 10 and 11 before ruling on the U.S. Trustee's motion to convert.

29. The Court declined to do so, reasoning, "unless all the claims, virtually all the claims, $2.5 million are knocked out, it can't be a 100 percent plan." The Court further reasoned that Hansmeier could not afford to pay the plan, given that Hansmeier's "argument that he will be able to pay his creditors in full hinges on the ability to convince the Court that well over $2 million worth of general unsecured claims are invalid."

30. Thus, the Court converted Hansmeier's case to Chapter 7.

*Proofs Of Claims 9, 10 and 11 and Duplicate Claims 15, 16 and 18 Are Denied*

31. After Hansmeier's case was converted to Chapter 7, Sweet filed Proofs of Claims 15 and 16. Godfread filed Proof of Claim 18. These Proofs of Claims were substantially duplicative of the Proofs of Claims 9, 10 and 11 filed by Godfread and Sweet during Hansmeier's Chapter 13 case.

32. On November 16, 2016, the Chapter 7 Trustee moved the Court to deny Proofs of Claims 9, 10, 11, 15, 16 and 18 in their entirety. The Chapter 7 Trustee argued that there was no "judgment against debtor" with respect to any of the Proofs of Claims.

33. On November 30, 2016, Godfread and Sweet voluntarily withdrew Proofs of Claims 9, 10 and 11.

34.     The Court heard the Chapter 7 Trustee's Objections on December 21, 2016.

Neither Sweet, Godfread nor any of the underlying Claimants appeared at the hearing.

35.     The Court sustained Chapter 7 Trustee's objections, holding that the

Claimants failed to submit evidence of a judgment against Hansmeier with respect to the

Proofs of Claims.

*Godfread and Sweet's False Proofs Of Claims*
*Inflicted Enormous Harm On Hansmeier*

36.     Godfread and Sweet's false Proofs of Claims inflicted enormous harm on

Hansmeier. As a proximate result of Godfread and Sweet's false claims, Hansmeier

suffered:

    a.     $25,000 in additional attorneys' fees;

    b.     $24,000 in additional living expenses;

    c.     $150,000 in excess property lost to the Chapter 7 estate; and

    d.     Emotional distress in the amount of $25,000.

*Booth And Sweet Willfully Violate The Automatic Stay*

37.     Hansmeier filed his Chapter 13 case on July 13, 2015.

38.     An order for relief was entered in this case on July 13, 2015, pursuant to 11

U.S.C. § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a) of all debt

collection against Hansmeier.

39.     On July 13, 2015, Booth and Sweet's principal place of business was

located at 32R Essex Street, Studio 1A Cambridge, MA 02139.

40.     On July 16, 2015, the 341 Meeting Notice was mailed to Booth and Sweet at 32R Essex Street, Studio 1A Cambridge, MA 02139.

41.     A true and correct copy of the certificate of service filed by Joseph Speetjens of the BAE Systems Bankruptcy Noticing Center attesting that the 341 Notice was served on July 16, 2015, is attached hereto as Exhibit 6.

42.     Booth and Sweet received the 341 Meeting Notice.

43.     On September 22, 2015, Sweet filed an Application for Admission Pro Hac Vice in Hansmeier's case. His application was granted that same day.

44.     On November 9, 2015, Sweet filed Proofs of Claims 9 and 10 on behalf of Alan Cooper and Paul Godfread.

45.     Booth and Sweet were on actual notice of Hansmeier's bankruptcy case and the existence of the automatic stay.

46.     On August 4, 2016, the United States Court of Appeals for the First Circuit vacated a judgment entered against Hansmeier and remanded the matter to the United States District of Massachusetts.

47.     Booth and Sweet were attorneys of record in the District of Massachusetts case.

48.     On September 29, 2016, during the pendency of the automatic stay, and without leave of Court, Booth and Sweet filed a motion and supporting documents to have that judgment reentered against Hansmeier. True and correct copies of the documents filed by Booth and Sweet are attached as Exhibit 7.

49.   Booth and Sweet's attempt to have judgment reentered against Hansmeier was a willful violation of the automatic stay.

50.   Booth and Sweet's conduct caused Hansmeier to experience worries and concerns that are separate from his other day-to-day concerns. Hansmeier's stress was not fleeting or inconsequential. Hansmeier suffered significant emotional harm as a result of Booth and Sweet's willful violation of the automatic stay. The circumstances surrounding Booth and Sweet's violation make it obvious that a reasonable person would suffer significant emotional harm. Hansmeier suffered actual damages in the form of out-of-pocket expenses and emotional distress.

### Count 1 – Filing False Claims
### *Against Defendants Godfread And Sweet*

51.   The foregoing paragraphs are incorporated herein by reference.

52.   Hansmeier is a debtor in a bankruptcy proceeding which commenced on July 13, 2015.

53.   Godfread and Sweet presented or caused to be presented proofs of claim in Hansmeier's bankruptcy.

54.   The proofs of claims were false as to a material matter.

55.   Godfread and Sweet knew that that proofs of claims were false and acted knowingly and fraudulently.

WHEREFORE, Hansmeier requests an Order declaring Proofs of Claims 9, 10, 11, 15, 16 and 18 to be false;

That the Court find Defendants Godfread and Sweet in contempt for filing false proofs of claims;

That the Court impose sanctions in the amount of $224,000 awardable to Hansmeier against Godfread and Sweet, jointly and severally, to compensate Hansmeier for the harm caused by false proofs of claims filed by Godfread and Sweet;

That the Court refer Godfread and Sweet to the U.S. Attorney for the District of Minnesota for an investigation of violations of 11 U.S.C. § 152(4); and

That the Court refer Godfread and Sweet to their respective lawyer's regulatory boards—Minnesota in Godfread's case, and Massachusetts in Sweet's case—for an investigation into professional misconduct.

## Count 2 – Stay Violation
### *Against Defendants Booth And Sweet*

56.    The foregoing paragraphs are incorporated herein by reference.

57.    Booth and Sweet's conduct violated 11 U.S.C. § 362(a).

WHEREFORE, Hansmeier requests an Order declaring Defendants Booth and Sweet guilty of civil contempt by violating the automatic stay; and

Awarding Hansmeier compensatory damages in the amount of $5,000 and punitive damages in the amount of $25,000.

July 5, 2017                                    /s/ _____
                                                Paul R. Hansmeier

11

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor:**

Paul Robert Hansmeier

**Case Number:**

15-42460

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Paul Godfread c/o Booth Sweet LLP

**Name and address where notices should be sent:**
Jason E. Sweet / Booth Sweet LLP
32R Essex Street
Cambridge, MA 02139

Telephone number: **(617) 250-8619**   email:  jsweet@boothsweet.com

**Name and address where payment should be sent (if different from above):**




Telephone number:       email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
   (*If known*)

Filed on:_____

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $       678,865.97

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  judgment against debtor
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: <br> 5 7 5 4 | 3a. Debtor may have scheduled account as: <br><br> (See instruction #3a) | 3b. Uniform Claim Identifier (optional): <br><br> (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate  ☐Motor Vehicle  ☐Other
**Describe:**

**Value of Property: $**_____

**Annual Interest Rate**_____% ☐Fixed  or  ☐Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:**   $_____

**Amount Unsecured:**   $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

# EXHIBIT 1

B10 (Official Form 10) (04/13)                                                                 3

| DEFINITIONS | | INFORMATION |
|---|---|---|

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

B10 (Official Form 10) (04/13)                                                                                                                                                       2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See Instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

| | | |
|---|---|---|
| Print Name: | Jason E. Sweet | |
| Title: | Partner | |
| Company: | Booth Sweet LLP | (Signature)       11/09/2015 |
| Address and telephone number (if different from notice address above): | | (Date) |
| 32R Essex Street | | |
| Cambridge, MA 01239 | | |

Telephone number: (617) 250-8619   email: jsweet@boothsweet.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided in this claim is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

### Itemized Statement of Paul Godfread Proof of Claim

Post-judgment interest, on the other hand, is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a).

Judgement amount: $11,758.20 x Interest Rate: .10%

Entered Date of Judgement: 06/12/2014 to Current Date: 11/09/2015

$3.22 (Daily Interest Amount) x 515 (Accumulated Days) = **$1659.03** (Accumulated Interest Amount)

**SubTotal: $13,417.23**

Attorneys Fees & Costs awaiting affirmation: $165,448.74

Punative Damages awaiting affirmation: $500,000.00

**Total: $678,865.97**

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br><br>Paul Robert Hansmeier | Case Number:<br><br>15-42460 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Alan Cooper c/o Booth Sweet LLP

**COURT USE ONLY**

Name and address where notices should be sent:
Jason E. Sweet / Booth Sweet LLP
32R Essex Street
Cambridge, MA 02139

Telephone number:  (617) 250-8619     email:  jsweet@boothsweet.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
  (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):



Telephone number:          email:

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

| 1. Amount of Claim as of Date Case Filed:          $          678,865.97 |
|---|

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:   judgment against debtor
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br><br>  5   7   5   4 | 3a. Debtor may have scheduled account as:<br><br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br><br>(See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate  ☐Motor Vehicle  ☐Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐Fixed  or  ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
                                        $_____

Basis for perfection: _____

Amount of Secured Claim:   $_____

Amount Unsecured:   $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

Amount entitled to priority:

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

EXHIBIT 2

B10 (Official Form 10) (04/13)

2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature: (See instruction #8)**

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Jason E. Sweet
Title:  Partner
Company:  Booth Sweet LLP
Address and telephone number (if different from notice address above):
32R Essex Street
Cambridge, MA 01239

(Signature)    11/09/2015
(Date)

Telephone number: (617) 250-8619    email: jsweet@boothsweet.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided in the claim is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## Itemized Statement of Alan Cooper Proof of Claim

Post-judgment interest, on the other hand, is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a).

Judgement amount: $11,758.20 x Interest Rate: .10%

Entered Date of Judgement: 06/12/2014 to Current Date: 11/09/2015

$3.22 (Daily Interest Amount) x 515 (Accumulated Days) = **$1659.03** (Accumulated Interest Amount)

**SubTotal: $13,417.23**

Attorneys Fees & Costs awaiting affirmation: $165,448.74

Punative Damages awaiting affirmation: $500,000.00

**Total: $678,865.97**

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | District of Minnesota | **PROOF OF CLAIM** |
|---|---|---|

Name of Debtor:
Paul Hansmeier

Case Number:
15-42460

Send original to:
U.S. Bankruptcy Court
301 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Alan Cooper

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:
Paul Godfread
Godfread Law Firm, P.C.
6043 Hudson Road, Suite 305
Woodbury, MN 55125

Telephone number: 612-284-7325     email: paul@godfreadlaw.com

**Court Claim Number:** _____
  (*if known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:     email:

**1. Amount of Claim as of Date Case Filed:**     $ ~~255,000~~

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Judgement against debtor
  (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>5754 | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate   ☐Motor Vehicle   ☐Other
Describe:

Value of Property: $ _____

Annual Interest Rate_____% ☐Fixed   or   ☐Variable
(when case was filed)

Basis for perfection: _____

Amount of Secured Claim:   $ _____

Amount Unsecured:   $ 255,000

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

**Amount entitled to priority:**

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

$ _____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**EXHIBIT 3**

B10 (Official Form 10) (04/13)                                                                                            2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Paul Godfread
Title:   attorney
Company:   Godfread Law Firm, P.C.                     s/Paul Godfread                                11/9/2015
Address and telephone number (if different from notice address above):     (Signature)                    (Date)

Telephone number:                    email:
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**Fill in this information to identify the case:**

Debtor 1   Paul Robert Hansmeier

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   District of Minnesota

Case number   15-42460

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | | | |
|---|---|---|---|
| 1. Who is the current creditor? | Alan Cooper | | |
| | Name of the current creditor (the person or entity to be paid for this claim) | | |
| | Other names the creditor used with the debtor _____ | | |

| | |
|---|---|
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? _____ |

| | | |
|---|---|---|
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Jason Sweet / Booth Sweet LLP<br>Name<br>32R Essex Street<br>Number      Street<br>Cambridge      MA      02139<br>City      State      ZIP Code<br><br>Contact phone  (617) 250-8619<br><br>Contact email  jsweet@boothsweet.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one): | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number      Street<br><br>City      State      ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____    Filed on ____/____/_____ <br> MM / DD / YYYY |

| | |
|---|---|
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☑ Yes.  Who made the earlier filing?  Paul Godfread |

EXHIBIT 4

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __5__ __7__ __5__ __4__

**7. How much is the claim?**   $_____ 679,651.65 . Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

judgment against debtor

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured:   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| | | Amount entitled to priority |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No ☐ Yes. Check one: | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/20/2016
                   MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Jason E. Sweet | | |
| | First name | Middle name | Last name |
| Title | Partner | | |
| Company | Booth Sweet LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 32R Essex Street | | |
| | Number        Street | | |
| | Cambridge, MA 02139 | | |
| | City | State        ZIP Code | |
| Contact phone | (617) 250-8619 | Email jsweet@boothsweet.com | |

**Fill in this information to identify the case:**

Debtor 1    **Paul Robert Hansmeier**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  District of Minnesota

Case number   **15-42460**

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:   Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **Paul Godfread**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? _____ |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Jason Sweet / Booth Sweet LLP<br>Name<br><br>32R Essex Street<br>Number  Street<br><br>Cambridge      MA      02139<br>City      State      ZIP Code<br><br>Contact phone (617) 250-8619<br><br>Contact email jsweet@boothsweet.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>___ ___ ___ ___ — ___ ___ ___ ___ | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number  Street<br><br>City      State      ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____    Filed on ___ / ___ / _____<br>                                                      MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☑ Yes.  Who made the earlier filing? Alan Cooper |

EXHIBIT **5**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: <u>5</u> <u>7</u> <u>5</u> <u>4</u>

**7. How much is the claim?** $_____679,651.65 . Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

judgment against debtor

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No | Amount entitled to priority |
|---|---|---|
| | ☐ Yes. Check one: | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/20/2016
                   MM / DD / YYYY

Signature   _Jason B Sweet_

Print the name of the person who is completing and signing this claim:

| Name | Jason E. Sweet | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Partner | | |
| Company | Booth Sweet LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 32R Essex Street | | |
| | Number        Street | | |
| | Cambridge, MA 02139 | | |
| | City | State    ZIP Code | |
| Contact phone | (617) 250-8619 | Email  jsweet@boothsweet.com | |

Fill in this information to identify the case:

Debtor 1    Paul Robert Hansmeier

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   District of Minnesota

Case number   15-42460

Send original to:
U.S. Bankruptcy Court
301 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Alan Cooper <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes.  From whom? _____ |
| **3. Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Godfread Law Firm, P.C. <br> Name <br> 6043 Hudson Road, Suite 305 <br> Number     Street <br> Woodbury      MN        55125 <br> City         State      ZIP Code <br><br> Contact phone   612-284-7325 <br> Contact email   paul@godfreadlaw.com <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br><br> __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | **Where should payments to the creditor be sent? (if different)** <br><br> Name <br><br> Number     Street <br><br> City         State      ZIP Code <br><br> Contact phone _____ <br> Contact email _____ |
| **4. Does this claim amend one already filed?** | ☑ No <br> ☐ Yes.  Claim number on court claims registry (if known) _____   Filed on _____ <br>                                                                                         MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes.  Who made the earlier filing? _____ |

Official Form 410                    Proof of Claim                    page 1

EXHIBIT 6

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
|---|---|

| 7. How much is the claim? | $_____ 255,000 . Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|

| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Debtor is liable as alter ego for judgment debtor |
|---|---|

| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:   $_____<br>Amount of the claim that is secured:   $_____<br>Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:   $_____<br><br>Annual Interest Rate (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |
|---|---|

| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____ |
|---|---|

| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |
|---|---|

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/2019 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/22/2016
                   MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Paul Allen Godfread | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | attorney | | |
| Company | Godfread Law Firm, P.C. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 6043 Hudson Road, Suite 305 | | |
| | Number   Street | | |
| | Woodbury | MN | 55125 |
| | City | State | ZIP Code |
| Contact phone | 612-284-7325 | Email | paul@godfreadlaw.com |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRENDA LAW INC. and PAUL DUFFY,<br><br>      Plaintiffs,<br>v.<br><br>PAUL GODFREAD, ALAN COOPER, and JOHN DOES 1-10,<br><br>      Defendants.<br>_____<br>PAUL GODFREAD and ALAN COOPER,<br><br>      Counterclaimants,<br>v.<br><br>PRENDA LAW INC. and PAUL DUFFY,<br><br>      Counterdefendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 13-cv-1569<br>)<br>)  Judge John W. Darrah<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

    Counterclaimants Alan Cooper and Paul Godfread have moved to impose any liabilities of Counterdefendant Prenda Law, Inc. for monetary sanctions and/or potential conspiracy and anti-SLAPP counterclaims jointly and severally upon Counterdefendant Paul Duffy and non-parties, John Steele and Paul Hansmeier. For the reasons stated below, Counterclaimants' Motion to Impose Liabilities [66] is denied.

## STATEMENT

    Counterclaimants seek to impose joint and several liabilities against two non-parties, Hansmeier and Steele. "'It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). "The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). John Steele and Paul Hansmeier have not been designated parties to the present litigation, nor have they been made parties by service of

**EXHIBIT 7**

Case 17-04076   Doc 1   Filed 07/05/17   Entered 07/06/17 12:04:54   Desc Main
Document      Page 31 of 56
Case: 1:14-cv-01598 Document #: 91 Filed: 04/09/15 Page 6 of 6 PageID #:665
Exhibit(s) order denying liability   Page 2 of 2

process.  As such, this Court has not gained jurisdiction over Steele and Hansmeier.  Further, if Hansmeier and Steele were made parties, it would destroy diversity jurisdiction, as Counterclaimants and Hansmeier are citizens of Minnesota.  Claims cannot be "asserted against nondiverse parties when jurisdiction was based on diversity." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978)).

Counterclaimants also seek to impose joint and several liability on Paul Duffy.  Duffy was previously found to be jointly and severally liable for the imposed monetary sanctions in this Court's January 22, 2015 order in the related case 13-cv-4341.  Liability for future monetary sanctions will be considered if further sanctions are required.  As to imposing liability for conspiracy and anti-SLAPP counterclaims, it is unnecessary at this time.  Duffy and Prenda's liabilities for any conspiracy and anti-SLAPP counterclaims will be determined, if necessary, after judgment is entered on those counterclaims.

Therefore, Counterclaimants' Motion to Impose Liabilities [66] is denied.

Date: _____ April 9, 2015 _____

JOHN W. DARRAH
United States District Court Judge

2

Case 17-04076    Doc 1    Filed 07/05/17    Entered 07/06/17 12:04:54    Desc Main
Case 15-42460    Claim 1-1 Part 3    Document    Filed 04/22/16    Desc Exhibit(s) order for
judgment    Page 1 of 4

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Alan Cooper,

           Plaintiff,

v.

John Lawrence Steele and
Prenda Law, LLC,

           Defendants.

**ORDER FOR JUDGMENT**

Court File No. 27-Cv-13-3463
Judge Kristin A. Siegesmund

On April 27, 2015 this Court issued an Order finding Defendant Prenda Law, Inc. in default. A hearing was scheduled for June 10, 2015 to determine appropriate damages to be awarded Plaintiff. At the June 10, 2015, Paul Duffy appeared, not to represent Prenda Law, but in his personal capacity as a former principle of Prenda Law. Mr. Duffy represented that Prenda is no longer in business. The Court ordered Plaintiff to submit affidavits regarding his damage claim and allowed Mr. Duffy until July 10 (extended to July 13) to respond. Mr. Duffy has not filed anything in the time allowed. Based on the files of record and the argument of counsel, the court makes the following:

### Background

This case involves a scheme in which former defendants[1] AF Holdings LLC and Ingenuity 13, LLC purchased copyrights in certain pornographic movies. They used Prenda Law firm and at least one of its principles John Steele to bring mass lawsuits against persons who owned computers on which any of these movies had been downloaded without permission. There has been much written about this scheme and there have been many lawsuits regarding whether these suits violate Rule 11. Courts have found that these suits were brought against persons who simply owned a computer without regard to whether they personally illegally downloaded any copyrighted material. Settlement demands were made by Prenda knowing that a lawsuit would potentially embarrass the computer owner. Many courts have found this enforcement scheme highly questionable.

The focus of this lawsuit was essentially identity theft. Plaintiff alleged that Prenda used his name in transferring the copyrights and in bringing lawsuits without his permission. This was accomplished through his personal relationship with Mr. Steele. The Complaint alleged that Prenda by itself or in concert with others violated Plaintiff's privacy by misappropriating his name and

---

[1] AF Holdings and Ingenuity 13 were dismissed from this suit on April 21, 2015 without prejudice because they had never been served.

1

EXHIBIT **8**

Case 17-04076   Doc 1   Filed 07/05/17   Entered 07/06/17 12:04:54   Desc Main
Case 15-42460   Claim 18-1 Part 2   Document   Filed 04/33/16   Page 2 of 4   Desc Exhibit(s) order for
judgment   Page 2 of 4

engaged in an illegal trade practice by taking his name and causing a likelihood of confusion regarding Mr. Cooper's affiliation with the porn movie owners.[2]

<h2 style="text-align:center">Memorandum</h2>

The court finds that based on the default in this case Prenda did knowingly use Mr. Cooper's name in pursuit of this scheme.   The question is to what extent was Mr. Cooper damaged by the use of his name on documents and in court filings. Plaintiff is entitled to actual damages that he suffered. Also, because the court finds that Prenda acted with deliberate disregard for Plaintiff's rights, Plaintiff is entitled to punitive damages which can be measured in part in relation to the amount that Plaintiff profited from using Mr. Cooper's name. Although the court does not condone the actions of Defendants, the court warned Plaintiff in its September 27, 2013 order that no speculative damage calculations would be allowed.  Plaintiff has the burden to prove its damages by a preponderance of admissible evidence.  To a large extent Plaintiff has failed to provide any evidence that meets this standard.

As an example of the significant lack of proof and legal argument, Plaintiff has submitted articles written about this entire affair.[3]  In the Forbes interview of Mr. Steele the reporter suggests that Steele has made over $15 million dollars and Steele responds that "they" have made more than a few million. Articles such as these are hearsay, and Steele's statements are not admissions that can be relied upon by the court to determine to what degree Prenda benefited from the use of Cooper's name.  The use of these articles now, when the Court has asked for specifics about Plaintiff's damages, is illustrative of how Plaintiff has approached this entire litigation, much innuendo and very little substance.

Plaintiff also attempts to show how Prenda profited by attaching a statement from credit card processor Blue Pay[4], which apparently shows that Prenda closed an account in May 2013 with nearly $1.8 million dollars in it. Apparently Plaintiff would like the court to assume that this money is profit that Prenda made using Cooper's name.  This is too great a leap.  First, the statements are not presented in an admissible form.  There is no affidavit from someone laying foundation, or that these are accurate business records, or explaining what the numbers mean. Second, Prenda was counsel for other entities.  There is no explanation of how much of monies received were kept by Prenda or how much went to its clients.  And there is nothing in the record showing how much of the receivables were due to the use of Cooper's name.

In a further attempt to show Prenda's profit from using Cooper's name, Mr. Godfread suggests that the court make a series of unsupported assumptions to reach an $11 million profit figure. For example, he asserts that Prenda filed 11 federal suits on behalf of Guava LLC against an "estimated 6500 defendants." Godfread does not explain how he made this estimate. He asks the

---

[2] Plaintiff has settled his claims with Steele.
[3] Godfread Aff. Ex A, "Shedding Light on Copyright Trolls"; Ex C Forbes article "How Porn Copyright Lawyer John Steele has made a few Million"
[4] Godfread Ex B.

Case 17-04076   Doc 1   Filed 07/05/17   Entered 07/06/17 12:04:54   Desc Main
Case 15-42460   Claim 18-1 Part 3   Filed 04/22/16   Page 34 of 56 Desc Exhibit(s) order for
judgment   Page 3 of 4

court to presume that 30% of these cases would settle for the full amount of $3400 contained in a sample demand letter. He provides no basis for why any such assumptions about the percentage or amount of settlement have any statistical reliability from which a court could base a decision. He also provides no proof of how much of this money would go to the client Guava and how much would be retained by Prenda. And he provides no evidence that these lawsuits relied on the use of Cooper's name. This evidence is too speculative for the court to use in any manner.

Despite litigating this case for over two years, and even though Mr. Godfread has admittedly been chasing Mr. Steele and Prenda around the county, Plaintiff did not produce one affidavit or deposition substantiating profits that Prenda made from this copyright scheme, or more specifically from the use of Mr. Cooper's name. The claim is notable for what is lacking. There are no affidavits regarding how many copyright claims relied on the use of Mr. Cooper's name. There are no depositions from Mr. Steele or Mr. Duffy or from any member of Prenda regarding their profits and losses. Plaintiff has come into court repeatedly making broad allegations and relying on news articles and events in other places, but the court asked Plaintiff to explain what happened to him in this instance.

Plaintiff's own affidavit is meager and unpersuasive. Plaintiff did not provide one single specific instance where he had been embarrassed by the use of his name by Defendant. Indeed the court is aware that it was not until Mr. Godfread found Plaintiff and had an article written about him in the paper that anyone knew of Plaintiff's connection to Prenda's pornography litigation. Thus Plaintiff is in some ways responsible for his own notoriety. Although the Court finds that Mr. Cooper did not consent to the use of his name in all ways that it was used, the court notes that Mr. Cooper has not denied working with Mr. Steele in some ways.

The court finds that Mr. Cooper has failed to show much actual damage, and is entitled to only $5,000 of damages for humiliation. However, the court finds that punitive damages are in order because attorneys have a special obligation not to use another person's name without their explicit permission. If such permission had been given, Prenda as a law office could have and should have gotten that permission in writing. It is also obvious that Prenda undertook this deception to avoid naming its principles as the driving force of this scheme. Cooper was a straw man put up to protect them from obvious ethical violations of creating litigation. Although the court is uncertain about the exact gains that Prenda reaped from this enterprise, it has no doubt that substantial gains were made. The gains were sufficiently tempting that Prenda was willing to overlook what it considered minimal risk. Punitive damages are critical in situations like this where money damages does not adequately encompass the wrong done in stealing a person's name for one's own benefit. Punitive damages must be sufficient to deter similar abuses of professional integrity. The court finds that $250,000 in punitive is appropriate and necessary to act as stern warning not to engage in this type of conduct.

3

Case 17-04076   Doc 1   Filed 07/05/17   Entered 07/06/17 12:04:54   Desc Main
Case 15-42460   Claim 18-1 Part 3   Filed 04/22/16   Desc Exhibit(s) order for
judgment   Page 4 of 4

## ORDER

1. Pursuant to the default ordered on April 27, 2015, Plaintiff is entitled to a judgment against Defendant Prenda in the amount of $5,000 plus costs and disbursements.

2. Plaintiff is entitled to judgment against Defendant Prenda in the amount of $250,000 in punitive damages.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 15, 2015

BY THE COURT:

Siegesmund, Kristin
2015.07.15 16:31:53
-05'00'

The Honorable Kristin A. Siegesmund
Judge of District Court

4

B9I (Official Form 9I) (Chapter 13 Case) (06/14)                                    Case Number 15-42460 – KHS

## UNITED STATES BANKRUPTCY COURT District of Minnesota

### Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 7/13/15.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights.
All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the
bankruptcy clerk's office cannot give legal advice.

### Creditors — Do not file this notice in connection with any proof of claim you submit to the court.
### See Reverse Side For Important Explanations

| | |
|---|---|
| Debtor(s) (name(s)) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):<br>PAUL HANSMEIER<br>100 3RD AVE S<br>SUITE 3201<br>MPLS, MN 55401 | |
| Case Number:<br>15–42460 | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx–xx–5754 |
| Attorney for Debtor(s) (name and address):<br>Barbara J May<br>Barbara J May Attorney at Law<br>2780 Snelling Ave N<br>Ste 102<br>Roseville, MN 55113<br>Telephone number: 651–486–8887 | Bankruptcy Trustee (name and address):<br>Gregory A Burrell<br>100 South Fifth Street<br>Suite 480<br>Minneapolis, MN 55402<br>Telephone number: 612–338–7591 |

### Meeting of Creditors

Date: **August 12, 2015**                        Time: **09:00 AM**

Location: **U S Courthouse, Rm 1017 (10th Floor), 300 S 4th St, Minneapolis, MN 55415**

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:

For all creditors (except a governmental unit): **11/10/15**      For a governmental unit (except as otherwise
provided in Fed. R. Bankr. P. 3002 (c)(1)):  **1/11/16**

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 10/13/15**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Filing of Plan, Hearing on Confirmation of Plan
The debtor has filed a plan. The plan or a summary of the plan is enclosed. The hearing on confirmation will be held:
Date: **9/17/15**, Time: **10:30 AM**, Location: **U S Court Courtroom 8 West, 300 S 4th St, Minneapolis, MN 55415**

### Creditors May Not Take Certain Actions.
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property,
and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to
extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a
lawyer to determine your rights in this case.

| | |
|---|---|
| **Bankruptcy Clerk's Office** *( Monday – Friday: 8:00am – 5:00pm )*<br>301 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>Telephone number: (612)–664–5200<br>Web address: www.mnb.uscourts.gov | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Lori Vosejpka<br><br>Date: 7/14/15 |



## EXPLANATIONS

B9I (Official Form 9I) (06/14)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors. Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court.* |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. Proofs of claim can be filed electronically on the court's website: www.mnb.uscourts.gov . No login or password is required. Alternatively, a Proof of Claim form ("Official Form B10") can be obtained at the same website or at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid, you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

## Refer to Other Side for Important Deadlines and Notices

United States Bankruptcy Court
District of Minnesota

In re:                                                                    Case No. 15-42460-KHS
PAUL HANSMEIER                                                            Chapter 13
            Debtor

**CERTIFICATE OF NOTICE**

District/off: 0864-4          User: heidi              Page 1 of 1          Date Rcvd: Jul 14, 2015
                             Form ID: b9i             Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 16, 2015.
db           +PAUL HANSMEIER,   100 3RD AVE S,   SUITE 3201,   MPLS, MN 55401-2728
smg          +United States Attorney,   600 US Courthouse,   300 S 4th St,   Minneapolis, MN 55415-3070
61088913     +900 SECOND AVE S LLC,   900 2nd Avenue South,   Minneapolis, MN 55402-3314
61088916     +ALPHA LAW FIRM,   80 S 8TH ST,   MINNEAPOLIS, MN 55402-2100
61088919     +ANTHONY SMITH,   C/O BOOTH SWEET LLP,   32R ESSEX ST, STUDIO 1A,   CAMBRIDGE, MA 02139-2646
61088922      ILLINOIS DEPARTMENT OF REVENUE,   SPRINGFIELD, IL 62179
61088925     +JOHN DOE,   C/O THE PIETZ LAW FIRM,   8605 SANTA MONICA BLVD,   NO 69018,
              LOS ANGELES, CA 90069-4109
61088926     +JOHN STEELE,   500 MICHIGAN AVE,   SUITE 600,   CHICAGO, IL 60611-3754
61088928     +MARK LUTZ,   1111 LINCOLN ROAD,   MIAMI BEACH, LF 33139-2452
61088929     +MICHAEL DUGAS,   1125 DUCKWOOD TRAIL,   APT 112,   EAGAN, MN 55123-1134
61088930     +PADRAIGIN BROWNE,   100 3RD AVE S #3201,   MPLS, MN 55401-2728
61088931     +PAUL DUFFY,   2 N LASALLE ST,   CHICAGO, IL 60602-3702
61088932     +PRENDA LAW INC,   2 N LASALLE ST,   CHICAGO, IL 60602-3702
61088934     +QWEST COMMUNICATIONS, ET AL,   C/O BASSFORD REMELE,   33 S 6TH STREET, SUITE 3800,
              MINNEAPOLIS, MN 55402-3707
61088935      SANDIPAN CHOWDHURY,   C/O BOOTH SWEET,   32R ESSEX ST, STUDIO 1A,   CAMBRIDGE, MA  02139
61088936      TCF MORTGAGE CORP,   PO BOX 1119,   MINNEAPOLIS MN 55472-0121

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty           E-mail/Text: maybarbaraj@gmail.com Jul 14 2015 22:23:39    Barbara J May,
              Barbara J May Attorney at Law,   2780 Snelling Ave N,   Ste 102,   Roseville, MN  55113
tr           +E-mail/Text: bnc@ch13mn.com Jul 14 2015 22:24:09    Gregory A Burrell,
              100 South Fifth Street,   Suite 480,   Minneapolis, MN 55402-1250
smg          +EDI: MINNDEPREV.COM Jul 14 2015 22:13:00    Minnesota Department of Revenue,
              Bankruptcy Section,   PO Box 64447,   St Paul, MN 55164-0447
ust          +E-mail/Text: ustpregion12.mn.ecf@usdoj.gov Jul 14 2015 22:23:44    US Trustee,
              1015 US Courthouse,   300 S 4th St,   Minneapolis, MN 55415-3070
61088918      EDI: AMEREXPR.COM Jul 14 2015 22:13:00    AMERICAN EXPRESS,   CUSTOMER SERVICE &,
              BILLING INQUIRIES,   PO BOX 981535,   EL PASO TX  79998-1535
61088920     +E-mail/Text: esheu@bestlaw.com Jul 14 2015 22:23:57    EDWARD SHEU,   BEST AND FLANAGAN,
              225 SOUTH 6TH ST, SUITE 4000,   MPLS, MN 55402-4690
61088924      EDI: IRS.COM Jul 14 2015 22:13:00    INTERNAL REVENUE SERVICE,   INSOLVENCY SECTION,
              PO BOX 7346,   PHILADELPHIA, PA  19101-7346
                                                                                      TOTAL: 7

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
61088915      AF HOLDINGS LLC,   SPRINGATES E,   GOVERNMENT ROAD,   CHARLESTOWN, NEVIS
61088914      AF HOLDINGS LLC,   SPRINGATES EAST,   GOVERNMENT ROAD,   CHARLESTOWN, NEVIS
61088921      GUAVA LLC,   SPRINGATES EAST,   GOVERNMENT ROAD,   CHARLESTON, NEVIS
61088923      INGENUITY 13 LLC,   SPRINGATES E,   GOVERNMENT ROAD,   CHARLESTON, NEVIS
smg*         +US Trustee,   1015 US Courthouse,   300 S 4th St,   Minneapolis, MN 55415-3070
61088917*    +ALPHA LAW FIRM,   80 S. 8TH ST,   MINNEAPOLIS, MN 55402-2100
61088927*    +JOHN STEELE,   500 MICHIGAN AVE SUITE 600,   CHICAGO, IL 60611-3754
61088933*    +PRENDA LAW, INC,   2 N LASALLE ST,   CHICAGO, IL 60602-3702
                                                                         TOTALS: 4, * 4, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 16, 2015                          Signature: /s/Joseph Speetjens

---

**CM/ECF NOTICE OF ELECTRONIC FILING**

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 14, 2015 at the address(es) listed below:
              Barbara J May   on behalf of Debtor PAUL  HANSMEIER maybarbaraj@gmail.com
              Gregory A Burrell   cmecfjzkmn@ch13mn.com
              US Trustee   ustpregion12.mn.ecf@usdoj.gov
                                                                         TOTAL: 3

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

AF HOLDINGS, LLC,      )
                 )
     Plaintiff/Counterdefendant,      )
                 )
v.                         )      Civil Action No. 1:12-cv-12105-IT
                 )
SANDIPAN CHOWDHURY,      )
                 )
     Defendant/Counterplaintiff.      )
                 )

## SANDIPAN CHOWDHURY'S MOTION FOR SUBSTITUTION OF PARTIES AND ENTRY OF AN AMENDED JUDGMENT

Sandipan Chowdhury ("Chowdhury") respectfully moves the Court to add or substitute John Steele and Paul Hansmeier as parties in addition to or in place of Counterdefendant AF Holdings, LLC. In support of this motion, Chowdhury relies on the memorandum filed herewith. Pursuant to the Court's Order on Remand, Doc. 78, a proposed amended judgment is attached.

Dated: September 29, 2016            Respectfully submitted,

                                      /s/ Jason Sweet
                                      Jason E. Sweet (BBO# 668596)
                                      jsweet@boothsweet.com

                                      /s/ Dan Booth (with consent)
                                      Dan Booth (BBO# 672090)
                                      dbooth@boothsweet.com

                                      BOOTH SWEET LLP
                                      32R Essex Street
                                      Cambridge, MA 02139
                                      Tel.: (617) 250-8602
                                      Fax: (617) 250-8883

                                      *Counsel for Sandipan Chowdhury*


Exhibit 10

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above motion and the attached memorandum in support, notice of hearing on the motion, and proposed amended judgment, were filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 29, 2016, and, further, that John Steele and Paul Hansmeier will be served copies of said documents pursuant to Rules 4 and 25 of the Federal Rules of Civil Procedure.

/s/ Jason Sweet

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I, Jason E. Sweet, hereby certify that counsel for Sandipan Chowdhury sought to confer with opposing counsel in a good faith effort to resolve or narrow the issues in the foregoing motion but was unable to do so. AF Holdings' counsel withdrew in 2013 without replacement, and mail sent to its last known address has been returned as undeliverable since 2013. I emailed attorneys Steele and Hansmeier but did not obtain consent to the motion.

/s/ Jason Sweet

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AF HOLDINGS, LLC,                          )
                                           )
    Plaintiff/Counterdefendant,         )
                                           )
v.                                         )    Civil Action No. 1:12-cv-12105-IT
                                           )
SANDIPAN CHOWDHURY,                        )
                                           )
    Defendant/Counterplaintiff.         )
                                           )

### SANDIPAN CHOWDHURY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUBSTITUTION OF PARTIES AND ENTRY OF AN AMENDED JUDGMENT

The Court entered an uncontested $64,180.80 default judgment against Counterdefendant AF Holdings, LLC ("AF") that still stands. Doc. 31. The Court re-entered the judgment against attorneys John Steele ("Steele") and Paul Hansmeier ("Hansmeier") jointly and severally with AF among others, and denied their motions to set that judgment aside. Doc. 34, 43. Other courts find that "AF is an empty shell created by Steele and Hansmeier," who used AF as an alter ego. Doc. 30-1 pp. 17, 19. Yet the First Circuit vacated the re-entered judgment because the attorneys were not personally served or named as parties; even an indisputable alter ego relationship with AF "that would permit both serving them and holding them liable on the judgment does not obviate the need to call them before the court before entering judgment." Doc. 76 p. 2. To satisfy that need, and the Court's Order on Remand to "file a proposed Amended Judgment," Doc. 78, Counterplaintiff Sandipan Chowdhury ("Chowdhury") moves the Court to add or substitute Steele and Hansmeier as counterdefendants pursuant to Rule 25(c) so they may be held liable for damages they caused him through their alter ego. In support, Chowdhury states as follows.

### RELEVANT FACTUAL BACKGROUND

AF filed this suit alleging copyright infringement against Chowdhury on November 13, 2012. Doc. 1. In his January 4, 2013 counterclaims, Chowdhury described hundreds of virtually identical lawsuits AF brought against thousands of defendants through Prenda Law, Inc. ("Prenda"). Doc. 7 p. 12 ¶¶ 6-7. AF moved to strike in part and dismiss the counterclaims. Doc. 8, 9. On January 30, 2013, Chowdhury moved to require AF to post a $60,000 bond for costs. Doc. 11.

On May 6, 2013, attorneys Steele, Hansmeier, and Paul Duffy ("Duffy") (collectively "the Principals"), AF, and others were sanctioned in a related case, *Ingenuity 13 LLC v. John Doe*, No. 12-

cv-8333-ODW, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. May 6, 2013). Doc. 15-1. The court found the Principals had formed AF "among other fungible entities … for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy." *Id.* p. 5. AF had "no assets other than several copyrights to pornographic movies" and "no official owners of officers … but the Principals are the de facto owners and officers." *Id.* The Principals also owned and controlled Prenda. *Id.* Their litigation strategy of filing boilerplate complaints to subpoena the identities of internet subscribers whom they could then shake down for settlements, without ever proceeding to trial, "was highly successful because of statutory-copyright damages, the pornographic subject matter, and the high cost of litigation." *Id.* All settlement proceeds "resided in the Principals' accounts and not in accounts belonging to AF Holdings[.]" *Id.*

> The Principals maintained full control over the entire copyright-litigation operation. The Principals dictated the strategy to employ in each case, ordered their hired lawyers and witnesses to provide disinformation about the cases and the nature of their operation, and possessed all financial interests in the outcome of each case.

*Id.* p. 6. The *Ingenuity 13* court sanctioned the Principals for fraudulently using AF and other shell company plaintiffs to conceal "that they had the sole financial interest in the suit." *Id.* p. 9.

On May 8, 2013, Chowdhury requested that the Court take judicial notice of the *Ingenuity 13* sanctions order. Doc. 15.

AF failed to appear at a June 17, 2013 motion hearing. Doc. 16, 17. Instead that day, AF's local counsel Dan Ruggiero ("Ruggiero") emailed the clerk of Court, "I have no objection to the motion for bond. I will be filing a motion to dismiss plaintiffs claims against defendant shortly as well as a motion to withdraw." Doc. 18. On June 19, 2013, the Court denied AF's motions to dismiss and to strike the counterclaims, allowed Chowdhury's motion to require AF to post a $60,000 bond for costs, and construed Ruggiero's June 17, 2013 email as a motion to dismiss AF's claims, which the Court allowed. Doc. 20. On July 10, 2013, Chowdhury requested an entry of default when AF failed to answer the counterclaims. Doc. 21. AF did not oppose.

Prenda was dissolved in July 2013. *See* Doc. 42-10 p. 9. Prenda was "a mere continuation of Steele Hansmeier [PLLC]," also dissolved, in which Hansmeier and Steele had been partners. Doc. 30-1 p. 6; *see* Doc. 7 p. 12 ¶¶ 6-7; Doc. 12 p. 13, Doc. 42-16 p. 6.

Ruggiero moved to withdraw his appearance on August 14, 2013, citing the *Ingenuity 13* order among other grounds. Doc. 22 p. 1. He called AF and those involved with it an "enterprise"

2

under RICO and explained that, to comply with Rule 11, he could no longer file pleadings on AF's behalf "when there is no reasonable basis to conclude that anything Plaintiff tells counsel is truthful." *Id.* p. 4. On August 20, 2013, the Court allowed his motion to withdraw. Doc. 24.

AF proceeded without counsel and was defaulted on August 29, 2013. Doc. 25, 26. Chowdhury moved for default judgment against AF on September 13, 2013. Doc. 28. He sought as damages $21,393.60 incurred in attorney's fees, trebled to $64,180.80 pursuant to Mass. Gen. L. c. 93A. Doc. 29 pp. 6-7. *See* Doc. 7 pp. 18-20 (Chapter 93A counterclaim); Doc. 29-2.

On September 23, 2013, Chowdhury requested that the Court take judicial notice of an order issued in another AF lawsuit, *AF Holdings LLC v. Navasca*, No. 12-cv-02396-EMC (NJV), 2013 U.S. Dist. LEXIS 149156 (N.D. Cal. Sept. 16, 2013). Doc. 30, 30-1. The *Navasca* magistrate judge adopted as preclusive the *Ingenuity 13* findings about the relationship between AF and the Principals, and recommended that Steele and Hansmeier be ordered to show cause why they should not be sanctioned. "Issue preclusion bars AF, Steele and Hansmeier from re-litigating the findings of fact ... made in *Ingenuity 13* regarding their alter ego relationship, their conduct, and their business model." Doc. 30-1 p. 11. Further, those

> findings (which AF, Steele and Hansmeier are precluded from re-litigating) establish that Steele and Hansmeier are the alter egos of AF ... They share a unity of interest and ownership; they acted as attorneys for AF behind the scenes and dictated all litigation decisions; AF was undercapitalized (indeed, it had no assets as the settlement proceeds never left Steele and Hansmeier's accounts); they kept all litigation proceeds AF "earned"; and AF was a mere shell created to shield Hansmeier and Steele from liability.

*Id.* p. 18. Having found that "AF is an empty shell created by Steele and Hansmeier," the *Navasca* magistrate recommended adding them as debtors to the judgment against AF. *Id.* p. 19.

On September 30, 2013, the Court endorsed Chowdhury's motion for default judgment against AF as "allowed without opposition." Doc. 31. AF did not contest or appeal from the judgment. On October 17, 2013, Chowdhury moved for entry of final judgment jointly and severally against AF "and its aliases," including the Principals. Doc. 32, 32-1. The Court allowed the motion and re-entered judgment in that form on October 22, 2013. Doc. 33, 34. The Principals moved to vacate the judgment, arguing that they had not been separately named as parties and served. Doc. 36, 38, 41. On December 3, 2013, the Court denied their motions to vacate. Doc. 43. The Principals filed a notice of appeal on December 16, 2013. Doc. 45.

3

Duffy died on August 10, 2015. *See Lightspeed Media Corp. v. Smith*, Nos. 15-2440 & 15-2682, 2016 U.S. App. LEXIS 13195, *8 (7th Cir. July 19, 2016). The Ninth Circuit affirmed the *Ingenuity 13* sanctions order on June 10, 2016. Memorandum, *Ingenuity 13 LLC v. Doe*, Nos. 13-55859 et al. (9th Cir. June 10, 2016), attached as Exhibit A hereto.

The First Circuit vacated and remanded this Court's judgment against the Principals on August 4, 2016. Doc. 76. "Contrary to [Chowdhury], the fact that non-parties do not, or cannot, dispute alter ego allegations that would permit both serving them and holding them liable on the judgment does not obviate the need to call them before the court before entering judgment." *Id.* p. 2. The mandate entered on August 29, 2016. Doc. 77. On September 8, 2016, the Court vacated the order denying the Principals' motions to vacate, granted those motions, and set aside the judgment against them, ordering Chowdhury to file a proposed amended judgment. Doc. 79.

## LEGAL STANDARD

Federal Rule of Civil Procedure 25 governs substitution of parties. Rule 25(c) provides:

> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c) ("Transfer of Interest"). Rule 25(c) "is a discretionary 'procedural vehicle' in which 'the transferee is brought into court solely because it has come to own the property in issue.'" *Negrón-Almeda v. Santiago*, 579 F.3d 45, 53 (1st Cir. 2009) (*quoting Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003)). "The merits of the case and the disposition of the property are still determined vis-a-vis the originally named parties.'" *Maysonet-Robles*, 323 F.3d at 49 (*quoting Minn. Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985)).

A "substitution decision is within the discretion of the district court." *Explosives Corp. of Am. v. Garlam Enters. Corp.*, 817 F.2d 894, 904 (1st Cir. 1987). Only "a factual dispute that the court is compelled to view as genuine" requires a trial or evidentiary hearing before substitution under Rule 25(c). *Arnold Graphics Indus., Inc. v. Indep. Agent Ctr., Inc.*, 775 F.2d 38, 43 (2d Cir. 1985); *Beane v. Beane*, No. 08-236-JL, 2011 U.S. Dist. LEXIS 8872, *8 (D.N.H. Jan. 24, 2011) ("In the absence of a genuine factual dispute … [t]he court can therefore rule on [a] motion to substitute by looking to materials beyond the pleadings, and without conducting an evidentiary hearing.") (*citing Luxliner P. L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993)); "If … there is no genuine factual

4

issue, the formality of a hearing serves no purpose." 6 James Wm. Moore et al., *Moore's Federal Practice* § 25.35[3], at 25-56 (3d ed. 2007).

## ARGUMENT

Steele and Hansmeier should be added as counterdefendants or substituted for AF under Rule 25(c) and held fully liable on Chowdhury's counterclaims. "[I]t is not only the transfer of assets in litigation that calls for a Rule 25(c) joinder, but also the possibility that the party to be joined could be held accountable for the actions of the original party." *Maldonado v. Valsyn S.A.*, 434 F. Supp. 2d 90, 92 (D.P.R. 2006). Steele and Hansmeier can be held accountable for AF's actions, and the judgment against AF, because they employed it as an alter ego, received substantially all of its assets, and secretly controlled all of its litigation. Issues adjudicated in *Ingenuity 13* preclude them from denying those grounds for their liability.

## I.     This motion is timely.

This motion is timely. "There is no time limit for a Rule 25(c) motion and the determination is solely within the discretion of the court." *USI Props. Corp. v. M.D. Constr. Co.*, 186 F.R.D. 255, 260 (D.P.R. 1999) (*citing* 7C C.A. Wright, A.R. Miller & M.K. Kane, *Federal Practice and Procedure* 2d § 1959, at 561 (1986)), *vacated on other grounds*, 230 F.3d 489 (1st Cir. 2000). Substitution is appropriate even "after judgment has been rendered." *Negrón-Almeda*, 579 F.3d at 53 (*citing Explosives Corp.*, 817 F.2d at 905). Parties may be added or substituted under Rule 25(c) even after a default judgment. *United States v. Aiken*, 867 F.2d 965, 967 (6th Cir. 1989) (affirming substitution); *Minn. Mining & Mfg. Co.*, 757 F.2d at 1258-59 (affirming addition of "successors in interest and alter egos" of company subject to default judgment).

## II.    Steele and Hansmeier should be substituted for AF or added as parties because they used AF as a mere alter ego and received substantially all of its assets.

The First Circuit has "sanctioned the use of Rule 25(c) to join parties as alter egos and hold them liable for the full judgment." *Rodríguez-Miranda v. Benin*, 829 F.3d 29, 2016 U.S. App. LEXIS 12872, *30 (1st Cir. July 13, 2016). AF is a sham entity that the Principals created to perpetrate fraudulent copyright lawsuits. Doc. 15-1 pp. 4-5. Its corporate form should be disregarded and Steele and Hansmeier, who used AF as an alter ego, should be held fully liable. *See Bhd. of Locomotive Eng'rs v. Springfield Terminal Ry.*, 210 F.3d 18, 25 (1st Cir. 2000).

5

The Court's jurisdiction over AF on the counterclaims establishes jurisdiction over Steele and Hansmeier, once properly served. "[A] court which has jurisdiction over a corporation has jurisdiction over its alter egos." *Minn. Mining & Mfg. Co.*, 757 F.2d at 1265 (citations omitted).

## A.    Under federal common law, AF's corporate form should be disregarded.

In this case the parties raised federal questions of copyright law, so federal choice-of-law principles apply, which dictate that federal common law governs the alter-ego inquiry. "If the federal statute in question demands national uniformity, federal common law provides the determinative rules of decision." *Bhd. of Locomotive Eng'rs*, 210 F.3d at 26 (*citing United States v. Kimbrell Foods, Inc.*, 440 U.S. 715, 728 (1979)). "In federal question cases, courts are wary of allowing the corporate form to stymie legislative policies." *United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1091 (1st Cir. 1992). Federal copyright law seeks to foster a "national uniformity." *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 231 n. 7 (1964) (citing 28 U.S.C. § 1338(a)); *see Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1994) (choosing to fashion federal common law of agency rather than applying the applicable state law when interpreting the work-for-hire provisions of the Copyright Act, "given the Act's express objective of creating national, uniform copyright law"). Applying state alter-ego law would undermine that uniformity.

Under federal common law, Chowdhury need only show that it would be unfair under the circumstances not to disregard AF's corporate form. "[T]he rule in federal cases is founded only on the broad principle that 'a corporate entity may be disregarded "in the interests of public convenience, fairness and equity."'" *Bhd. of Locomotive Eng'rs*, 210 F.3d at 27 (*quoting Town of Brookline v. Gorsuch*, 667 F. 2d 215, 221 (1st Cir 1981)). Where no statute or statutory precedent dictates "a test for alter ego liability," the First Circuit has applied an "inquiry focusing on (1) whether the entities in question have ignored the independence of their separate operations, (2) whether the defendant employed the multiplicity of entities as part of an artifice or scheme to defraud, and (3) whether holding the corporate form inviolate would lead to substantial injustice or inequity." *Intergen N.V. v. Grina*, 344 F.3d 134, 148-49 (1st Cir. 2003) ("borrow[ing] from the standards developed in other statutory contexts that manifest a need for national uniformity"). Those factors support disregarding AF's corporate form and finding Steele and Hansmeier liable.

The First Circuit cited multiple subfactors for the first, "independent operations" prong:

(1) whether a corporation is operated as a separate entity; (2) commingling of funds and other assets; (3) failure to maintain adequate records or minutes; (4) the nature of

6

the corporation's ownership and control; (5) absence of corporate assets and undercapitalization; (6) use of a corporation as a mere shell, instrumentality or conduit of an individual or another corporation; (7) disregard of legal formalities and the failure to maintain an arms-length relationship among related entities; and (8) diversion of the corporation's funds or assets to noncorporate uses.

*Id.* at 149 (*quoting United States v. Diviner*, 822 F.3d 960, 965 (10th Cir. 1987)). Steele and Hansmeier barely maintained the pretext of separately operating their shell company. AF had "no official owners or officers" except the Principals. Doc. 15-1 p. 5. "No one else appears to work for AF" other than Mark Lutz, "variously described as the corporate representative and CEO of AF." Doc. 30-1 p. 10; *see also* Doc. 42-16 p. 10 (identifying AF's nominal leader Lutz as "Prenda's former paralegal"). AF's pre-suit demand letter instructed Chowdhury to send payment to Prenda at Steele's Miami Beach address. Doc. 12-1 p. 3; *see* Doc. 45 p. 2. Hansmeier appeared as AF's Rule 30(b)(6) deponent in *Navasca*. Doc. 30-1 p. 15. "Hansmeier was unable to testify about 'the exact mechanisms by which the money goes []' to AF Holdings from the law firms that represent it." *AF Holdings LLC v. Navasca*, No. 12-cv-2396-EMC (NJV), 2013 U.S. Dist. LEXIS 118110, *3-4 (N.D. Cal. Aug. 20, 2013). The *Navasca* magistrate judge found it established that Steele and Hansmeier "were the only ones to work with the 'client,'" and that

Steele and Hansmeier are the alter egos of AF .... They share a unity of interest and ownership; they acted as attorneys for AF behind the scenes and dictated all litigation decisions; AF was undercapitalized (indeed, it had no assets as the settlement proceeds never left Steele and Hansmeier's accounts); they kept all litigation proceeds AF "earned"; and AF was a mere shell created to shield Hansmeier and Steele from liability.

Doc. 30-1 p. 18. Affirming, the *Navasca* court noted that the *Ingenuity 13* court was also aware of Hansmeier's Rule 30(b)(6) testimony that AF had no officers with titles like CEO, president, treasurer or secretary. Doc. 42-12 p. 9.

Further supporting the *Ingenuity 13* findings, Brett Gibbs ("Gibbs"), Prenda's former counsel in California, presented evidence that "Steele and Hansmeier are the beneficial owners of the sham companies that served as Plaintiffs, and of Prenda Law itself." Doc. 42-16 p. 5. That evidence included Prenda's profit and loss statement and balance sheet for 2012, showing that Prenda paid Hansmeier and Steele nearly 70% of its total revenue, all of which came from settlement payments, while paying none to AF or Prenda's other plaintiffs. Doc. 42-13, 42-14. As Gibbs put it, "This supports the conclusion that these companies were not independent entities, but rather alter egos of Steele and Hansmeier." Doc. 42-16 p. 13 n. 9.

7

All of AF's corporate funds were diverted, primarily to Steele and Hansmeier. The diversion was so extensive that the profit and loss statement showed Prenda operating at a net loss of $450,721.64 for 2012 despite taking in $1,931,977.09 in settlement proceeds, due to $2,382,698.73 in "expenses," including more than $1,343,806.78 distributed to the Principals. Doc. 42-13. When the *Navasca* magistrate judge "ordered AF to be prepared to explain at the [evidentiary] hearing the money trail and provide an accounting of the funds it received from copyright infringement actions or settlements, AF failed to present a witness who could do so or documents that might shed light on these issues." Doc. 30-1 p. 18. AF presented "no evidence … that any settlement or litigation proceeds ever reached AF." *Id. See also* Doc. 42-12 p. 11. "Steele and Hansmeier were the primary beneficiaries of settlement payments to Prenda Law, giving them a compelling, if secret, financial interest in all aspects of Prenda's operations and litigation. They had a direct financial incentive to ignore any court order—or ignore Gibbs when he relayed such an order—if complying would slow the flow of settlement proceeds to Prenda." *Id.* p. 14.

The other *Intergen* factors—"(2) whether the defendant employed the multiplicity of entities as part of an artifice or scheme to defraud, and (3) whether holding the corporate form inviolate would lead to substantial injustice or inequity," 344 F.3d at 148-49—also fully support disregarding AF's corporate form. The Principals created their multiple entities, including Prenda and AF, for the specific purpose of pursuing fraudulent settlements and fraud on the courts. Doc. 15-1. AF was "a limited liability company formed in the Caribbean islands of Saint Kitts and Nevis." *AF Holdings LLC v. Does 1-1,058*, 752 F.3d 990, 992 (D.D.C. 2014). See Doc. 1 ¶ 2. AF had "no assets other than several copyrights to pornographic movies." Doc. 15-1 p. 5. Steele and Hansmeier depleted AF of all proceeds from its lawsuits and settlements. Doc. 30-1 p. 18. In *Navasca*, AF offered no evidence to rebut evidence establishing "that Steele and/or Hansmeier … uploaded the copyrighted works that form the basis of AF's lawsuits to BitTorrent swarms in order to induce infringement." *Id.* p. 9; *see also* Declaration of Delvan Neville ¶¶ 16-18, 20, & 24-26, *First Time Videos, LLC v. Oppold*, No. 12-cv-01493-CEH-KRS (M.D. Fla. filed June 3, 2013); *Navasca*, 2013 U.S. Dist. LEXIS 102249, *7-9 (N.D. Cal. July 22, 2013) ("persons affiliated with AF … [uploaded] copyrighted works *in order to induce users to download the works so that they could then be sued for copyright infringement.*") (emphasis in original); Doc. 29 p. 3 & Doc. 42-16 pp. 14-15 (Steele and Steele Hansmeier PLLC used uploader's IP address).

It would be inequitable to allow Steele and Hansmeier to maintain the corporate fiction of
AF. Unless they are substituted or added as parties, the judgment will not be satisfied. It is effectively
uncollectible from AF, their dissolved firm Prenda, or their fellow Principal Duffy, who died last
year. AF did not oppose the Court's order requiring it to post a $60,000 bond for costs, but never
complied, though Ruggiero notified Steele of the order. Doc. 20, 28, 42-2 ¶ 11. AF never substituted
counsel despite notice of Ruggiero's withdrawal. Doc. 22 p. 2. Ever since judgment entered against
it, Court orders mailed to AF are returned as undeliverable. Doc. 31, 35, 40, 44, 49, 56, 57, 66, 68,
73, 74. If liability rests only with AF, "it is certain that Plaintiffs will transfer out their settlement
proceeds and plead paucity." Doc. 15-1 p. 10. Steele and Hansmeier have proven that *Ingenuity 13*
prediction elsewhere by falsely claiming inability to pay sanctions. *See Lightspeed*, 2016 U.S. App.
LEXIS 13195, *4-7 & 15 ("Steele and Hansmeier were emptying accounts they controlled of sums
vastly in excess of the sanctions they owed"); *id.*, 761 F.3d 699, 710-12 (7th Cir. 2014). "AF was a
mere shell created to shield Hansmeier and Steele from liability." Doc. 30-1 p. 18. To avoid inequity,
their shield must be set aside.

**B.   Under Massachusetts law, AF's corporate form should be disregarded.**

An alter-ego analysis under Massachusetts law instead of federal common law would also
lead to disregarding corporate form. *See Zimmerman v. Puccio*, 613 F.3d 60, 74 n. 16 (1st Cir. 2010)
(choosing to apply Massachusetts law); *id.* p. 75 (controlling owners treated "companies as mere
shells, ignoring financial, legal and practical formalities in furtherance of their own money-making
enterprise"). In Massachusetts, liability may be imposed on an alter ego theory

> (a) when there is active and direct participation by the representatives of one
> corporation, apparently exercising some form of pervasive control, in the activities of
> another and there is some fraudulent or injurious consequence of the intercorporate
> relationship, or (b) when there is a confused intermingling of activity of two or more
> corporations engaged in a common enterprise with substantial disregard of the
> separate nature of the corporate entities, or serious ambiguity about the manner and
> capacity in which the various corporations and their respective representatives are
> acting.

*My Bread Baking Co. v. Cumberland Farms, Inc.*, 355 Mass. 614, 618-19, 233 N.E.2d 748, 752
(Mass. 1968) (discussing liability of "one corporation, or a person controlling it" for acts or torts of
another corporation under common control). Both prongs of the *My Bread* analysis support imposing
liability on Steele and Hansmeier. They pervasively controlled AF, as the *Ingenuity 13* court found,
and AF's fraud injured Chowdhury, as the entry of default judgment determined. *See* Doc. 29, 31.

9

There is a confused commingling of funds between AF, Prenda and other shell companies in a common enterprise, and a deep, purposeful ambiguity about Steele and Hansmeier's actions on behalf of AF: "[T]he Principals' enterprise relies on deception. ... The Principals also obfuscate other facts, especially those concerning their operations, relationships, and financial interests. The Principals' web of disinformation is so vast that the Principals cannot keep track—their explanations of their operations, relationships, and financial interests constantly vary." Doc. 15-1 p. 9; *see also id.* p. 6 ¶ 11.

Since *My Bread*, the Massachusetts Supreme Court has identified factors relevant to the analysis, including: common ownership, pervasive control, confused intermingling of business assets, thin capitalization, nonobservance of corporate formalities, absence of corporate records, siphoning away of corporate funds, nonfunctioning of officers and directors, and use of the corporation in promoting fraud. *Att'y Gen. v. M.C.K., Inc.*, 432 Mass. 546, 555 n. 19, 736 N.E. 2d 373, 381 n. 19 (Mass. 2000) (*citing Pepsi-Cola Metro. Bottling Co., Inc. v. Checkers, Inc.*, 754 F.2d 10, 14-16 (1st Cir. 1985)); *see also Zimmerman*, 613 F.3d at 74 (applying certain *M.C.K.* factors, guided by "seminal Massachusetts case" *My Bread*). Those factors also call for holding Steele and Hansmeier liable. They personally and totally controlled AF, using it chiefly if not exclusively as an instrument of fraud. Doc. 15-1 pp. 6-9. AF could not have been more thinly capitalized: its only putative assets were its putative copyrights. *Id.* pp. 5-6. Prenda's financial statements reflect that almost 70% of the firm's settlement proceeds were siphoned to Steele and Hansmeier, while none went to AF. Doc. 42-16, Doc. 42 pp. 12-13. AF maintains no corporate records, observes no corporate formalities and has only *de facto* officers or directors. *See* Doc. 42-12 pp. 9-11 (noting AF's lack of corporate officers and inability to show knowledge or documents related to trust that Hansmeier testified was AF's owner).

Steele and Hansmeier are effectively indistinguishable from AF. Its corporate form should be disregarded so they may bear its liability.

### III.   Steele and Hansmeier controlled AF's litigation so they should be made parties.

Substitution is also proper against non-parties who control the litigation. "It has long been the rule that a nonparty who controls the litigation is bound by the judgment." *Explosives Corp.*, 817 F. 2d at 906. Such control means "the power - whether exercised or not - to call the shots." *Gonzalez v. Banco Central Corp.*, 27 F.3d 751, 758 (1st Cir. 1994). "'[One] who prosecutes or defends a suit in

the name of another to establish and protect his own right, or who assists in the prosecution or
defense of an action in aid of some interest of his own … is as much bound … as he would be if he
had been a party to the record." *Montana v. United States*, 440 U.S. 147, 154 (1979) (*quoting*
*Souffront v. Compagnie des Sucries*, 217 U.S. 475, 486-87 (1910)). Non-parties who "assume control
over litigation in which they have a direct financial or proprietary interest" are bound by the
judgment. *Alman v. Danin*, 810 F.2d 1, 4 (1st Cir. 1986) (*quoting Montana*, 440 U.S. at 154). When
assessing whether to substitute and hold liable a non-party to a judgment, the First Circuit instructs
that the analysis turns on the relationship between the non-party and the adjudged party, and the role
the non-party played in the litigation. *Id.* at 905.

By that standard, substitution is wholly warranted. The Principals controlled not just AF's
litigation but AF in its entirety, as its "de facto owners and officers." Doc. 15-1 p. 5. Until the
*Ingenuity 13* order pulled down the curtain on their scheme, Ruggiero litigated this case in AF's name
but on behalf of the Principals, to further and protect their financial interests. "The Principals
maintained full control over the entire copyright-litigation operation. The Principals dictated the
strategy to employ in each case … and possessed all financial interests in the outcome of each case.
… The Principals instructed Gibbs to prosecute these lawsuits only if they remained profitable; and
to dismiss them otherwise." *Id.* p. 6. In *Navasca*, AF introduced declarations that failed to "rebut
Gibbs' testimony that Steele and Hansmeier alone communicated with their purported client, and that
they directed Gibbs' litigation strategy. The declarations actually corroborate Gibbs' testimony: he
communicated with local counsel for AF, essentially acting as a go-between for Steele and
Hansmeier." Doc. 30-1 pp. 7-8.

Ruggiero considered AF one of Prenda's "subsidiaries," and Gibbs asked him to keep Prenda
abreast of this case and his other AF cases by adding Prenda email addresses to the ECF notification
list. Doc. 42-2 p. 1. When the Court ordered AF to post a bond, Ruggiero "contacted Steele regarding
the Order." *Id.* p. 2. Gibbs left Prenda in the fallout from *Ingenuity 13*, and Steele and Lutz both
instructed Ruggiero to "dismiss all active AF cases," including this case. *Id.* Ruggiero informed
Steele that he could not simply dismiss this case as counterclaims were pending. *Id.*; Doc. 22 p. 2.

Steele and Hansmeier totally controlled AF, including the conduct of this litigation, and had
direct financial stakes in its outcome. They should be made to answer for that outcome.

## IV.    Steele and Hansmeier are precluded from denying the grounds for substitution.

The grounds for substituting or adding Steele and Hansmeier as parties—their alter ego relationship with AF, and their control of its litigation—need not be relitigated because the same issues were preclusively resolved in *Ingenuity 13*. "Issue preclusion requires that (1) both proceedings involved the same issue of law or fact, (2) the parties actually litigated that issue, (3) the prior court decided that issue in a final judgment, and (4) resolution of that issue was essential to judgment on the merits." *Global Naps, Inc. v. Verizon New England, Inc.*, 603 F.3d 71, 95 (1st Cir. 2010). Issue preclusion may bind a substitute party to issues previously decided against the party it replaces. *See Levitt v. Univ. of Texas*, 847 F.2d 221, 222-23 & n.1 (5th Cir. 1988); *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1441-42 & n.1 (9th Cir. 1990).

Steele and Hansmeier's alter ego relationship with AF and control over its litigation were squarely at issue in *Ingenuity 13*, contested in both the district court and on appeal, and resolving those issues was essential to the sanctions judgment on the merits against them. The *Ingenuity 13* court thoroughly explored the deceptive enterprise in which Steele, Hansmeier, and Duffy—the Principals—used AF as a shell company plaintiff in litigation they ran behind the scenes. The court found that "the Principals are the de facto owners and officers" of AF, which they formed "for the sole purpose of litigating copyright-infringement lawsuits" over which they maintained full control: "The Principals dictated the strategy to employ in each case … and possessed all financial interests in the outcome of each case." Doc. 15-1 pp. 4-5.

As required for preclusion to apply, the pertinent issues were actually litigated and determined in detailed findings of fact, "[b]ased on the evidence presented on the papers and through sworn testimony." *Id.* p. 3. The Principals were made parties to the *Ingenuity 13* sanctions proceedings, ordered to appear and show cause why they should not be sanctioned. *Id.* pp. 2-3. They argued that they were not subject to personal jurisdiction, but the court found "at least specific jurisdiction over [the Principals] because of their pecuniary interest and active, albeit clandestine participation in these cases." Order, *Ingenuity 13 LLC v. John Doe*, No. 12-cv-8333-ODW (C.D. Cal. Mar. 14, 2013). The Principals did not attend the first show-cause hearing as ordered; at the second, all three invoked the Fifth Amendment, and the court drew adverse inferences from their refusal to testify. Doc. 15-1 p. 4 n. 3 (*citing Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

The issues were actually litigated despite the refusal to testify. "The mere invoking of the Fifth Amendment privilege does *not* disallow issue preclusion in subsequent cases." *Birdsall v. Tulloch (In re Tulloch)*, 373 B.R. 370, 387 (Bankr. D.N.J. 2007) (emphasis in original) (concluding that the Massachusetts Supreme Judicial Court would so rule); *cf. Monarch Life Ins. Co. v. Ropes & Gray*, 65 F.3d 973, 981 (1st Cir. 2001) (where issue was "squarely raised," giving a "'full and fair opportunity for judicial resolution of the issue,' ... silence alone satisfied the [actual litigation] criterion under the collateral estoppel analysis") (*quoting Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 328 (1971)). The Ninth Circuit found the Principals were given due process in *Ingenuity 13*: notice and "an opportunity to be heard at both the first and second hearings ... [they] were allowed to submit responsive briefs." Ex. A p. 9; *see also* Doc. 30-1 p. 12 ("AF, Steele and Hansmeier all had a full and fair opportunity to litigate these very issues in *Ingenuity 13*. ... Any prejudice they might have suffered ... was caused by their own gamesmanship and failure to appear at the hearing in violation of Judge Wright's order."); Doc. 42-12 p. 10.

The *Ingenuity 13* sanctions order was sufficiently final to apply issue preclusion. Issues decided in such a post-judgment order may be preclusive: "it is well established that the finality requirement for collateral estoppel does not require a final judgment." *Pina v. Rodriguez*, 278 F. Supp. 2d 195, 203 (D.P.R. 2003); *accord O'Reilly v. Malon*, 747 F.2d 820, 822-23 (1st Cir. 1984). It was uncontested that the *Ingenuity 13* order "was a final judgment on the merits" when the *Navasca* court found issue preclusion applied. Doc. 30-1 p. 13. Its finality was necessary to the Ninth Circuit's jurisdiction under Rule 54(a) and 28 U.S.C. § 1291, and to its affirmance. Ex. A p. 4. Factual findings affirmed on appeal have a binding, preclusive effect. *See Lawton v. Nyman*, 357 F. Supp. 2d 428, 433-34 (D.R.I. 2005).

The *Ingenuity 13* court's alter-ego and litigation-control findings were both necessary grounds for its order sanctioning Steele and Hansmeier. "A determination ranks as necessary or essential only when the final outcome hinges on it." *Bobby v. Bies*, 556 U.S. 825, 835 (2009) (*citing* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4421, at 543 (2d ed. 2002)). The *Ingenuity 13* court's findings that AF and Ingenuity 13 LLC ("Ingenuity") were shell companies, formed and *de facto* owned and operated by the Principals, resulted from the court ordering them to "show cause why they should not be sanctioned for their behind-the-scenes role in the conduct facially perpetrated by Gibbs." Doc. 15-1 pp. 4-5; *see id.* p. 3 ("It was when the Court realized Plaintiffs engaged their cloak of shell companies and fraud that the Court went to battlestations.").

That behind-the-scenes role was central to the determination in *Ingenuity 13* that sanctions were appropriate. The court sought to redress not only specific instances of fraud but a systematic reliance on deception whereby the Principals had not "assigned the copyright to themselves, brought suit in their own names, and disclosed that they had the sole financial interest in the suit," but instead, hired other lawyers to file suits in the names of shell companies such as AF. *Id.* p. 9. Findings that the Principals set up the shell companies, "maintained full control over the entire copyright-litigation operation," and "conspired to operate this enterprise," justified imposing those sanctions on Steele and Hansmeier, and not just on the shell companies and Gibbs. *Id.* pp. 3-6.

"If ... 'the appellate court' affirms both grounds of the holding, each receives preclusive effect." *Ruthann v. Baylis (In re Baylis)*, 217 F.3d 66, 70-71 (1st Cir. 2000) (*quoting* 1 Restatement (Second) of Judgments § 27 cmt. o)). The Ninth Circuit affirmed *Ingenuity 13* on both alter ego and litigation control grounds. It found that AF was a shell company set up by the Principals for litigation through Prenda, Ex. A p. 5, and specifically affirmed the findings that they controlled and bore responsibility for the cases litigated in AF's name:

> Based on the myriad of information before it—including depositions and court documents from other cases around the country where the Prenda Principals were found contradicting themselves, evading questioning, and possibly committing identity theft and fraud on the courts—it was not an abuse of discretion for Judge Wright to find that Steele, Hansmeier, and Duffy were principals and the parties actually responsible for the abusive litigation. Similarly, it was not an abuse of discretion for Judge Wright to find that the Prenda Principals were indeed the leaders and decision-makers behind Prenda Law's national trolling scheme.

Ex. A p. 8 (footnote omitted). As the *Navasca* magistrate judge ruled, Judge "Wright's sanctions order was based on his finding that Hansmeier and Steele were culpable, and thus the nature of their control over Gibbs' action was necessary to his award of sanctions." Doc. 30-1 pp. 12-13.

The Supreme Court has instructed that non-mutual offensive issue preclusion generally should not be allowed "where a plaintiff could easily have joined in the earlier action or where ... [it] would be unfair to a defendant." *Parklane Hosiery Co. v. Shore*, 439 U.S. 329, 331 (1979). Neither restriction applies. Chowdhury could not have easily joined the post-merits sanctions proceeding in *Ingenuity 13* while he was busy defending AF's claims and litigating his own in this Court. If all parties opposing AF had to join *Ingenuity 13* before obtaining any preclusive effect from its ruling, the District Court of California would have been deluged with third-party intervenors. And it is fully fair to preclude AF's alter egos, who systemically controlled its litigation nationwide, from denying

14

here matters proven in that court, where they had ample incentive and opportunity to litigate but invoked their Fifth Amendment privilege. *See* Doc. 30-1 pp. 11-12.

Therefore, Steele and Hansmeier cannot dispute their alter ego relationship with AF, and their control of its litigation. On those grounds, any paper distinction between them and AF must be disregarded. To hold them liable for the damages AF caused Chowdhury on their behalf, the Court must substitute or add them as parties subject to the judgment on his counterclaims.

## CONCLUSION

Wherefore Sandipan Chowdhury requests that the Court substitute or add AF Holdings LLC's alter egos John Steele and Paul Hansmeier as parties under Rule 25(c) and, upon service hereof, enter judgment against them as proposed in the attached amended judgment.

Dated: September 29, 2016                    Respectfully submitted,

/s/ Jason Sweet
Jason E. Sweet (BBO# 668596)
jsweet@boothsweet.com

/s/ Dan Booth (with consent)
Dan Booth (BBO# 672090)
dbooth@boothsweet.com

BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Counsel for Sandipan Chowdhury*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above motion and the attached memorandum in support, notice of hearing on the motion, and proposed amended judgment, were filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 29, 2016, and, further, that John Steele and Paul Hansmeier will be served copies of said documents pursuant to Rules 4 and 25 of the Federal Rules of Civil Procedure.

/s/  Jason Sweet

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I, Jason E. Sweet, hereby certify that counsel for Sandipan Chowdhury sought to confer with opposing counsel in a good faith effort to resolve or narrow the issues in the foregoing motion but was unable to do so. AF Holdings' counsel withdrew in 2013 without replacement, and mail sent to its last known address has been returned as undeliverable since 2013. I emailed attorneys Steele and Hansmeier but did not obtain consent to the motion.

/s/ <u>Jason Sweet</u>