UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
| Bankruptcy No. | Chapter 7<br>15-42460 |
| Adversary. No. | 17-4076 |

In Re:

Paul Hansmeier,

          Debtor.

Paul Hansmeier,

          Godfread,

   vs.

Dan Booth; Paul Godfread; and Jason Sweet,

          Defendants.

**ADVERSARY ANSWER**

TO: Paul Hansmeier, *Pro Se*

1. This Answer is filed by Paul Godfread in the above-captioned Chapter 7 case. The Court has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns claims against the Debtor, pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding.

2. Mr. Godfread denies each and every allegation as stated in the adversary Complaint except as specifically admitted, qualified, denied, or states without knowledge or belief, in which case the pleading is denied.

3. Godfread believes paragraphs 1 and 2 require no response. Should these items need to be answered Godfread admits.

4. Godfread believes paragraph 3 requires no response; should it need to be answered Godfread admits.

5. Godfread admits in paragraph 4 that this proceeding is a core proceeding but denies that 11 U.S.C. §105 is applicable to this case.

6. Godfread admits paragraphs 5, 6, 7, and 8.

7. Godfread denies paragraph 9 in its entirety and demands strict proof thereof at trial. Godfread believes the second paragraph under item 9 concerns the other Defendants only and has no response, and therefore denies that paragraph as well.

8. Godfread denies paragraph 10 in that Godfread alleges Hansmeier only proposed to pay the creditors he listed, and not every creditor he owed. Thus, Hansmeier submitted a false plan from the outset, he knew he submitted a false plan and false schedules, and under penalty of perjury signed a petition for relief under the bankruptcy code under false pretenses.

9. Godfread admits paragraph 11.

10. Godfread denies paragraph 12 in its entirety and demands strict proof thereof at trial. Judge Sanberg's Order of December 3, 2015 listed several reasons for the conversion under 11 U.S.C. §1307(c). Plaintiff cannot demonstrate Godfread's filing a proof of claim caused injury when the bankruptcy court placed the blame clearly on the debtor/Plaintiff.

11. Godfread denies paragraph 13 in that Claims 9,10, and 11 have been withdrawn and are moot. Godfread demands strict proof thereof from the Plaintiff at trial.

12. Godfread admits paragraph 14.

13. Godfread admits that the case arose out of the case cited in paragraph 15. The court in that case had found that the judgment debtor in that case was the alter ego of Hansmeier.

14. Godfread admits paragraph 16.

15. Godfread admits paragraph 17 except that he does not know if Sweet had actual notice of the court's order. The remainder of the paragraph Godfread denies.

16. Godfread has no information in regard to Sweet's actions, as such denies paragraph 18 in its entirety and demands strict proof thereof at trial.

17. Godfread admits paragraph 19.

18. Godfread denies the allegations in paragraph 20 and demands strict proof thereof at trial.

19. Godfread admits in paragraph 21 that a judgment was entered against Prenda Law, Inc. Godfread and his attorney have submitted information to Hennepin County demonstrating that Prenda Law, Inc. was used as an alter-ego by Hansmeier. Judgment in Hennepin County was pending as Hansmeier filed his bankruptcy petition.

20. Godfread denies paragraph 22 in its entirety because it is a legal conclusion. A ruling on the alter ego theory has been submitted in a default proceeding pending in Hennepin County, but Hansmeier filed bankruptcy before it could be ruled upon by the Hennepin County Court.

21. Godfread denies paragraph 23 in its entirety and demands strict proof thereof at trial.

22. Godfread admits paragraph 24 and 25.

23. Godfread denies paragraph 26 in its entirety and demands strict proof thereof at trial. Hansmeier objected but sent no Rule 9011 "safe harbor" warning, and no communication of any sort that he would seek sanctions. Hansmeier is therefore estopped from seeking a motion for contempt under 11 U.S.C. §105.

24. Godfread admits paragraphs 27 and 28.

25. Godfread admits that the language in paragraph 29 is what the bankruptcy court used, but denies that was the sole finding of the bankruptcy court. The audio record of the findings includes debtor malfeasance such as failure to produce documents, evasive and inconclusive answers from the debtor at the meeting of creditors, outright refusal to answer questions at a 2004 examination held by creditor's counsel for several John Doe plaintiffs, a pattern of the same behavior of the debtor in other courts in which those courts put on the written record, the pending Minnesota Board of Professional Responsibility investigation, possible fraudulent transfers to the debtor that the chapter 13 office had no mechanism to address, and the lack of knowledge concerning the debtor's assets because of the incomplete or false schedules. Debtor also failed to notice the trustee of the sale of his home, and had undervalued his home by $300,000 or more to avoid trustee action.

26. Godfread admits paragraph 30, 31, 32, 33, 34, and 35.

27. Godfread denies paragraph 36 in its entirety and demands strict proof thereof at trial. Debtor/Plaintiff failed to plead these damages with particularity pursuant to

4

*Iqbal v. Ashcroft* 490 F3d 390 (2009). "Finding that the standards set forth in *Twombly* applied to Iqbal's complaint, the court stated that two principles provide the basis for *Twombly*. First, the court must accept as true all well-pleaded factual allegations in the complaint (but need not accept the truthfulness of legal conclusions). Second, only a complaint that states a plausible claim for relief can survive a motion to dismiss. When the complaint contains well-pleaded facts, the "court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Edward D. Johnson, *Ashcroft v. Iqbal: New Pleading Standards and Motions for Relief*, ABA Journal online at https://apps.americanbar.org/litigation/litigationnews/trial_skills/pretrial-ashcroft-iqbal-pleading-motions-dismiss.html. In this case, damages are not pleaded plausibly to show that the Plaintiff/Debtor is entitled to relief. They are done in a conclusory manner that doesn't follow the court's ruling on the conversion to a chapter 7.

28. Godfread admits paragraph 37, 38, and 39.

29. Godfread is without knowledge that the 341 meeting notice was mailed to Booth and Sweet's law firm as alleged in paragraph 40 and so denies and demands strict proof thereof at trial.

30. Godfread admits paragraph 41 in that the document speaks for itself.

31. Godfread is without knowledge concerning events in paragraph 42 and so denies and demands strict proof thereof at trial.

32. Godfread admits paragraphs 43 and 44.

5

33. Godfread denies paragraph 45 because it calls for a legal conclusion.

34. Upon information and belief, Godfread admits paragraph 46.

35. Godfread admits paragraphs 47 and 48.

36. Godfread is without knowledge concerning events in paragraph 49 and so denies and demands strict proof thereof at trial.

37. Godfread denies the allegations in paragraph 50 and demands strict proof thereof at trial.  Godfread also asserts that Debtor/Plaintiff fails to state a claim upon relief may be granted.

38. Godfread believes paragraph 51 requires no response.

39. Godfread admits paragraphs 52 and 53.

40. Godfread denies the allegations in paragraph 54 and demands strict proof thereof at trial.

41. Godfread denies the allegations in paragraph 55 and demands strict proof thereof at trial.  Godfread further denies that any of the remedies listed are available to the Debtor/Plaintiff and they should be denied in their entirety.

42. Godfread denies the allegations and remedies in paragraphs 56 and 57 and demands strict proof thereof at trial.

**DEFENDANT GODFREAD'S DEFENSES, AND AFFIRMATIVE DEFENSES**

43. Godfread pleads the following defenses and affirmative defenses and incorporates the denials set forth in the rest of his Answer by reference.

44. Hansmeier has failed to plead a cause of action with particularity, pursuant to the holdings in *Iqbal and Twomey*, et. seq. and as such the damages listed should be

6

stricken from the complaint.

45. Hansmeier has failed to plead damages with particularity, pursuant to the holdings in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and as such the damages listed should be stricken from the complaint.

46. Hansmeier has failed to produce any averments for his Complaint, no affidavits and no evidence to support his claim for damages.

47. Defendant has failed to state a claim upon which relief may be granted.

48. Debtor filed his bankruptcy petition in bad faith, in another means to hinder, delay, or defraud Godfread and numerous other defendants.

49. Defendant's actions are barred by Defendant's fraud.

50. Defendant submitted an entirely incomplete and upon information and belief, possibly false bankruptcy petition and plan. Defendant has unclean hands and does not have the remedies defectively pleaded available to him.

51. Defendant violated the letter and spirit of the Debtor's Notice of Responsibility he signed under penalty of perjury and should be sanctioned for such actions.

**WHEREFORE**, the Godfread prays that the bankruptcy court:

1. Find that Hansmeier submitted incomplete or false schedules and chapter 13 plan to the bankruptcy court and thus the filing of proofs of claim by the Defendant had no effect upon the debtor, and DENY any relief for damages.

2. Find that Hansmeier's actions in submitting incomplete or false schedules and chapter 13 plan were the cause of the conversion to chapter 7 along with the following findings: failure to produce documents, evasive and inconclusive answers from Hansmeier at the meeting of creditors, outright refusal to answer questions at a 2004 examination held by creditor's counsel for several John Doe plaintiffs, a pattern of the same behavior of the debtor in other courts in which those courts put on the written record of the debtor's malfeasance, the Minnesota Board of Professional Responsibility investigation that suspended Hansmeier's license, possible fraudulent transfers to the debtor that the chapter 13 office had no mechanism to address, and the lack of knowledge concerning the debtor's assets because of the incomplete or false schedules. Debtor also failed to notice the trustee of the sale of his home, and had undervalued his home by $300,000 or more to avoid trustee notice of the property.

3. DENY all claims for attorney's fees procedurally and on the merits for Hansmeier.

4. DENY all claims for emotional injury procedurally and on the merits for Hansmeier.

5. Grant such other relief to the Defendant Godfread as the Court deems just and proper.

**VERIFICATION**

I declare under penalty of perjury that I have reviewed the attached motion, affidavits, memorandum, and papers, and verify that the information contained in them is true and correct to the best of my knowledge.

/e/ Jon E. Paulson _____ Date: ___8/7/2017
Jon E. Paulson

Dated:  August 7, 2017          /e/ Jon E. Paulson
                                Paulson Law Firm PLLC
                                Attorney for Paul Godfread
                                1434 Appaloosa Trail
                                Eagan, MN 55122
                                651-260-8215
                                paulsonlawfirmpllc@gmail.com
                                MN Attorney Reg. No. 0390157

**VERIFICATION**

The undersigned declares under penalty of perjury that he has reviewed the attached motion, memorandum, and papers, and verify that the information contained in them is true and correct to the best of his knowledge.

_[signature]_                                        Date: August 8, 2017

Paul Godfread

9