UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re<br><br>Paul Hansmeier,<br><br>*Debtor.*<br>-----------------------------------------------------------<br><br>Paul Hansmeier,<br><br>*Plaintiff.*<br><br>v.<br><br>Dan Booth; Paul Godfread; and Jason Sweet,<br><br>*Defendants.* | Bky No. 15-42460<br><br>Chapter 7<br><br><br><br>ADV No. 17-4076 |

**NOTICE OF HEARING AND MOTION FOR SUMMARY JUDGMENT**

Paul Hansmeier requests that the Bankruptcy Court issue an order entering summary judgment against Paul Godfread by imposing a contempt sanction pursuant to 11 U.S.C. § 105 in the amount of $4,665.00 payable to Paul Hansmeier.

1. The hearing will be held on November 15, 2017, at 1:30 p.m. before the United States Bankruptcy Court, Courtroom 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

2. Any response to this motion must be filed and delivered not later than November 10, 2017, which is five days before the time set for the hearing.

UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

3. On July 5, 2017, Plaintiff Paul Hansmeier ("Hansmeier") filed an adversary complaint against Defendants Dan Booth ("Booth"), Paul Godfread ("Godfread") and Jason Sweet ("Sweet"). Hansmeier's complaint alleged that Defendants Booth and Sweet knowingly violated the automatic stay and that Defendants Godfread and Sweet knowingly filed false claims in Hansmeier's bankruptcy case. Dkt. 1.

4. On July 12, 2017, Hansmeier filed a motion for partial summary judgment requesting that the Court find as a matter of law that Defendants Booth and Sweet knowingly violated the automatic stay and that Defendants Godfread and Sweet knowingly filed false claims. Dkt. 6. The Court granted Hansmeier's motion on July 27, 2017 and reserved for later proceedings the issue of what sanctions, if any, the Court would impose. Dkt 9.

5. Hansmeier has settled with Defendants Booth and Sweet, leaving Defendant Godfread as the sole remaining defendant in this case. Dkt. 22. Accordingly, Hansmeier's claim against Booth and Sweet for violating the automatic stay is now moot. The sole remaining issue in this case is what sanctions, if any, the Court will impose on Godfread for knowingly filing false claims.

6. Hansmeier's complaint originally demanded two basic categories of sanctions: (1) the attorneys' fees Hansmeier incurred pre-conversion in

challenging Godfread's false claims; and (2) the damages caused by the conversion of Hansmeier's bankruptcy case from Chapter 13 to Chapter 7.

7. Pursuant to his filing dated October 5, 2017, Hansmeier has abandoned any claim for damages caused by the conversion of Hansmeier's bankruptcy case from Chapter 13 to Chapter 7. The sole remaining issue is whether the Court will impose a contempt sanction pursuant to its Section 105 authority on Godfread in the amount of the attorneys' fees Hansmeier reasonably incurred in challenging Godfread's false claims.

8. According to an affidavit that has been supplied by his former counsel, Barbara May, Hansmeier incurred $4,665 in attorneys' fees in "defending against the claims of [Godfread]" in this matter.

9. Hansmeier asks the Court to impose a sanction on Godfread in the amount of $4,665.

Respectfully submitted,

October 28, 2017    /s/ Paul Hansmeier
Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re<br><br>Paul Hansmeier,<br><br>   *Debtor.*<br>------------------------------------------------------------<br>Paul Hansmeier,<br><br>   *Plaintiff.*<br><br>v.<br><br>Dan Booth; Paul Godfread; and Jason Sweet,<br><br>   *Defendants.* | Bky No. 15-42460<br><br>Chapter 7<br><br><br><br>ADV No. 17-4076<br><br><br>**PLAINTIFF PAUL HANSMEIER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Plaintiff Paul R. Hansmeier ("Plaintiff" or "Debtor") submits this memorandum in support of his Motion for Summary Judgment against Defendant Paul Godfread ("Godfread"). The relief requested is the imposition of a contempt sanction against Godfread in favor of Hansmeier in the amount of $4,665. This amount corresponds to the attorneys' fees Hansmeier incurred in challenging Godfread's false claims prior to the conversion of Hansmeier's bankruptcy case from Chapter 13 to Chapter 7.

## BACKGROUND FACTS

The scope of this adversary proceeding has narrowed considerably since it was filed. The Court has found that Godfread knowingly submitted false claims in Hansmeier's bankruptcy case. [Docket No. 9]. Moreover, Hansmeier has settled his

claims against Defendants Booth and Sweet. [Docket No. 22]. Finally, Hansmeier has abandoned his claim for damages arising from the conversion of Hansmeier's case from Chapter 13 to Chapter 7. [Docket No. 25].

Accordingly, the sole remaining issue in this case is whether the Court will require Godfread to reimburse Hansmeier for the attorneys' fees Hansmeier incurred in defending against Godfread's false claims. According to the Verified Statement of Barbara J. May, Hansmeier incurred and paid $4,665 in attorneys' fees and other expenses in preparing objections to and otherwise defending against Godfread's false claims. [*See* Declaration of Paul Hansmeier, October 30, 2017, Exhibit 1].

## ARGUMENT

### I. Legal Standard.

Summary judgment is appropriate:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Hansmeier requests that the Court impose a contempt sanction in the amount of $4,655 against Godfread because Godfread knowingly filed false claims in Hansmeier's Chapter 13 case. Summary judgment is appropriate because there is no genuine issue of material fact that: (1) Section 105 empowers bankruptcy courts to impose civil sanctions to address an abuse of the claims process; (2) the Court should exercise its discretion to impose a contempt sanction against Godfread; and (3) $4,665 is an appropriate measure for the sanction.

2

**II.     Section 105 Empowers This Court To Impose A Civil Contempt Sanction Against Godfread To Address His Abuse Of The Claims Process.**

Section 105 empowers the Court to impose a civil contempt sanction to address an abuse of the claims process:

> The Bankruptcy Code also contains remedies to address a creditor's misconduct in filing an improper claim. As one court notes, while Bankruptcy Code § 105(a) empowers bankruptcy courts to impose civil, but not criminal or punitive sanctions, if a purported creditor abuses the claims process, we are confident that § 105(a) provides an effective mechanism for addressing that misconduct.

*In re Jacques*, 416 B.R. 63, 79 n.4 (E.D.N.Y. 2009) (internal quotation marks and markup omitted).

Apparently every federal appellate court to consider the issue has agreed that Section 105 empowers courts to impose sanctions on participants who file false claims. *See Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2nd Cir. 2010) ("Bankruptcy provides remedies for wrongfully filed proofs of claim," referencing 11 U.S.C. § 105); *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 356 n.1 (5th Cir. 2008) (noting that a bankruptcy court may use § 105 to impose sanctions on parties that abuse the procedural mechanism related to the filing of a proof of claim); *B-Real, LLC v. Chaussee*, 399 B.R. 225 (9th Cir. BAP 2008) (same). *C.f. In re Gatewood*, 533 B.R. 905, 908-09 (8th Cir. BAP 2015) (citing with approval decision from Eastern District of Pennsylvania which noted that courts possess the power to impose sanctions under 105 to address "potential creditor misconduct.").

3

There is no genuine issue of material fact that the Court has the power under 11 U.S.C. § 105 to impose a civil contempt sanction against Godfread for his abuse of the claims process.

### III. The Court Should Exercise Its Discretion To Impose A Civil Contempt Sanction Against Godfread For His Abuse Of The Claims Process.

The Court should exercise its discretion to impose a civil contempt sanction against Godfread for his abuse of the claims process. All of the material facts justifying the Court's exercise of its discretion are beyond dispute. First, as this Court has already found, Godfread knowingly filed false claims in Hansmeier's Chapter 13 bankruptcy case. The knowing submission of false claims is an abuse of the claims process:

> When a creditor files a false or fraudulent proof of claim, that filing contravenes the purpose of a specific bankruptcy statute and rule. Namely, under 11 U.S.C. § 501, a creditor is allowed to file a proof of claim, and under § 502(a), the mere filing of a proof of claim means that it is deemed allowed. Under [Bankruptcy Rule] 3001(f), a proof of claim filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. When a creditor files a false or fraudulent proof of claim, which is deemed allowed by § 502(a), and entitled to prima facie presumption of validity and amount by [Bankruptcy] Rule 3001(f), the creditor is abusing the bankruptcy process.

*In re Watson*, 2010 WL 4496837, at *3 (Bankr. N.D. W. Va. 2010) (internal citations omitted).

Second, a variety other factors weigh in favor of the Court's exercise of its discretion. Godfread is an attorney and an officer of the Court. The total dollar value of Godfread's false claims was significant, *i.e.* nearly $1 million. As this Court noted in its order granting Hansmeier's prior motion for partial summary judgment, Godfread has no

4

plausible good faith explanation for his conduct, given that he was a participant in the proceedings underlying the false claims he submitted in this case. All of these factors weigh in favor of this Court's exercise of its discretion to impose a civil contempt sanction against Godfread.

### IV. The Appropriate Measure Of The Contempt Sanction Is $4,665.

The appropriate measure of the contempt sanction is $4,665, which is the amount of attorneys' fees Hansmeier incurred and paid for his attorney's preparation of objections to and otherwise defending against Godfread's false claims. The most important limitation on the Court's Section 105 sanctioning authority is that it is limited to *civil* contempt sanctions, as opposed to *criminal or punitive* contempt sanctions. *See, e.g., Chaussee*, 399 B.R. at 241 ("§ 105(a) empowers bankruptcy courts to impose civil, but not criminal or punitive sanctions...."). In relevant part a sanction is civil if it is limited to compensating the "wronged party for losses sustained." *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. ___ (2017), Slip Op. at 5-6. A sanction becomes punitive when it imposes an additional amount as punishment for the sanctioned party's misbehavior. *See id.* (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 829 (1994)).

According to the Verified Statement of Barbara J. May, Hansmeier incurred and paid $4,665 in attorneys' fees and other expenses in preparing objections to and otherwise defending against Godfread's false claims. [*See* Declaration of Paul Hansmeier, October 30, 2017, Exhibit 1]. Thus, the amount of $4,665 is a loss Hansmeier sustained and, if awarded, would constitute a civil contempt sanction.

## CONCLUSION

The Court should grant Hansmeier's motion for summary judgment.

October 29, 2017        /s/ *[signature]*
                        Paul R. Hansmeier
                        9272 Cortland Alcove
                        Woodbury, MN 55125

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re<br><br>Paul Hansmeier,<br><br>　　　　*Debtor.*<br>-------------------------------------------------------<br><br>Paul Hansmeier,<br><br>　　　　*Plaintiff.*<br><br>v.<br><br>Dan Booth; Paul Godfread; and Jason Sweet,<br><br>　　　　*Defendants.* | Bky No. 15-42460<br><br>Chapter 7<br><br><br><br><br>ADV No. 17-4076 |

**UNSWORN DECLARATION OF PAUL HANSMEIER**

1. I am the plaintiff in the above-captioned adversary proceeding.

2. True and correct copies of the following documents are attached to this declaration.

　　　Exhibit 1: Verified Statement of Barbara J May

Dated: October 28, 2017

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Paul Hansmeier

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Paul Hansmeier,

    Debtor

CASE NO. 15-42460

_____/

Paul Hansmeier,

    Plaintiff

v.

Dan Booth, Paul Godfread, Jason Sweet
    Defendants

Adversary No.17-4076

VERIFIED STATEMENT OF
BARBARA J MAY

_____/

Barbara J May, having reviewed the attached document, declares under penalty of perjury that she knows the information contained herein to be true and correct to the best of her knowledge.

1    That she is an attorney licensed to practice in the State of Minnesota since 1981, the State of Wisconsin 1982, and the Federal Court of both states since 1984.

2    She restricts her bankruptcy practice to difficult or challenging cases that have been declined by other attorneys.

3    She bills at $300.00 an hour, which she believes to be reasonable for an attorney with her skill and experience in the legal community.

3    She represented Paul Hansmeier in a chapter 13 bankruptcy, an appeal, and a Chapter 7 conversion from July 8, 2015 to May 20, 2016.

4    During counsel's representation of Paul Hansmeier, part of her job was to be aware of claims that were filed and to challenge claims that were, in her professional opinion, filed without merit.

5    Beginning on or about November 9, 2015, counsel became aware of a series of claims filed by or on behalf of Paul Godfread. Upon reading the claims, she determined that her client would need to file an objection to the claims.

6  Beginning November 9, 2015, debtor worked with her client to prepare objections to the claims of Paul Godfread.

7  It was imperative to defend and defeat the claims of Paul Godfread, because they gave the appearance that debtor could not fund a 100% plan, or that his debts exceeded the limitations of 11 USC Sec. 11 U.S.C. § 109(e).

8  Counsel expended 12.9 hours @ $300.00 an hour and also expended $795.00 to a researcher outside of her firm to assist her with preparation of paperwork necessary to defeat the claims.

9  Ultimately, her client's case was converted to a chapter 13 in part because of the large claims made by or on behalf of Paul Godfread.

10  Ultimately, counsel incurred $4665.00 defending against the claims of Paul Godfread in the above entitled matter. These fees were paid by Paul Hansmeier.

Dated: 10/6/17

Barbara J May
2780 N. Snelling Suite 300
Roseville, MN  55113
651-486-8887
Attorney ID 129689

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re<br><br>Paul Hansmeier,<br><br>      *Debtor.*<br>------------------------------------------------------------<br><br>Paul Hansmeier,<br><br>      *Plaintiff.*<br><br>v.<br><br>Dan Booth; Paul Godfread; and Jason Sweet,<br><br>      *Defendants.* | Bky No. 15-42460<br><br>Chapter 7<br><br><br><br>ADV No. 17-4076 |

## ORDER

Paul Hansmeier's motion for summary judgment came before the Court. For reasons stated orally and recorded in open court,

**IT IS ORDERED**

1. Hansmeier's motion is granted.

2. The Court exercises its discretion pursuant to its authority under 11 U.S.C. § 105 to sanction Godfread for knowingly submitting false claims in Hansmeier's Chapter 13 bankruptcy case.

3. Hansmeier reasonably incurred $4,665 in attorneys' fees in defending against Godfread's false claims.

4.  Godfread is ordered to pay Hansmeier $4,665 within fourteen (14) days of this Order.

Dated: _____

Kathleen H. Sandberg
United States Bankruptcy Judge