UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
|  | Chapter 7 |
| Bankruptcy No. | 15-42460 |
| Adversary. No. | 17-4076 |

In Re:

Paul Hansmeier,

                Debtor.

Paul Hansmeier,

                Plaintiff,

vs.

Dan Booth; Paul Godfread; and Jason Sweet,

                Defendants.

**MOTION IN RESPONSE TO SUMMARY JUDGMENT**

TO: Paul Hansmeier, *Pro Se*

1. This Response is filed by Paul Godfread in the above-captioned Chapter 7 case. The Court has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns claims against the Debtor, pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding.

2. There are genuine issues of material fact that preclude summary judgment for the amount demanded, namely that the amount prayed for in the motion is inaccurate, the Plaintiff is aware of the inaccuracies, and he filed this motion anyway.

3. Mr. Hansmeier has filed Barbara May's statement to the Court, which is missing the actual billing statement.

4. Mr. Hansmeier delivered Ms. May's billing statement to the Defendant as part of an

unsworn, untimely discovery Answer. Counsel for Mr. Godfread and Mr. Hansmeier discussed this billing statement in efforts to settle the case.

5. The billing statement does not reflect that Ms. May spent 12.9 hours on the case in matters directly related to Paul Godfread's alleged false claims.

6. In fact, the amount of billing that includes Paul Godfread's name is somewhere between 1.2 and 3.7 hours. *See* Statement of Paul Godfread at Exhibit 1: Billing Statement.

7. An attorney's contemporaneous billing statement is a more accurate statement of the attorney's fees than a sworn statement made two years later. The best evidence pursuant to Federal Rule of Evidence 1002 is the attorney's billing statement, and that is what the bankruptcy court uses in nearly every matter.

8. As this Court found in the Plaintiff's first summary judgment motion, Defendant's filing of an alleged false claim did not lead to damages on the scale that Plaintiff prayed for in his adversary complaint.

9. The court in its oral findings on summary judgment found that many other factors led to the conversion of Plaintiff's case to a chapter 13 case, including debtor malfeasance such as failure to produce documents, evasive and inconclusive answers from the debtor at the meeting of creditors, outright refusal to answer questions at a 2004 examination held by creditor's counsel for several John Doe plaintiffs, a pattern of the same behavior of the debtor in other courts in which those courts put that behavior on the written record, the pending Minnesota Board of Professional Responsibility investigation, possible fraudulent transfers to the debtor that the chapter 13 office had no mechanism to address, and the lack of knowledge concerning the debtor's assets because of the incomplete or false schedules. Debtor also failed to notice the trustee of the sale of his home, and had

undervalued his home by $300,000 or more possibly to avoid trustee action.

10. Plaintiff did file a motion in response to Godfread's filed proofs of claim, but did not first contact Paul Godfread, attempt to have the claim voluntarily dismissed, or attempt to mitigate damages. The objections to the claims were short, there was little *actual* harm and attorney's fees for the time of 12.9 hours was not supported by the billing statement.

11. Plaintiff filed an "abandonment of claims" limiting damages to attorney's fees incurred directly from Mr. Godfread's actions and this abandonment has been filed with the court.

12. The only issue in front of the court is the amount of damages and there is no genuine issue of material fact about that—Ms. May billed between 1.2 and 3.5 hours on issues directly related to Paul Godfread according to her billing statement, not the 12.9 hours stated on her verified statement.

13. The remainder of the hours prayed for are speculative and not supported by evidence on Barbara May's billing sheet.

14. Through discovery, Plaintiff also delivered an email from Barbara May to him demonstrating that Ms. May has animus toward Defendant Paul Godfread. Statement of Paul Godfread at Exhibit 2.

15. This animus relates to the inflated attorney's fees calculation shows motive to add additional damages.

16. Plaintiff Hansmeier's failure to file the billing sheet with Ms. May's sworn statement was intentional and an effort to conceal evidence from the court, an action for which contempt sanctions could be applied under 11 U.S.C. section 105.

17. Plaintiff Hansmeier failed to file a verification of his papers, in violation of Local Rule 9004-1(d).

3

18. Because of Hansmeier's actions, the Court should not award attorney's fees when the Plaintiff in bad faith inflated them.

**WHEREFORE**, Godfread prays that the bankruptcy court:

1. Find that Plaintiff Hansmeier intentionally failed to file attorney Barbara May's billing statement in an effort to inflate damages.

2. DENY all claims for attorney's fees procedurally and on the merits for Hansmeier.

3. Grant such other relief to the Defendant Godfread as the Court deems just and proper.

### VERIFICATION

I declare under penalty of perjury that I have reviewed the attached motion, affidavits, memorandum, and papers, and verify that the information contained in them is true and correct to the best of my knowledge.

/e/ Jon E. Paulson                              Date:  11/10/2017
Jon E. Paulson

Dated:  11/10/2017                              /e/ Jon E. Paulson
                                                Paulson Law Firm PLLC
                                                Attorney for Paul Godfread
                                                860 Blue Gentian Road
                                                Suite 200
                                                Eagan, MN 55121
                                                651-260-8215
                                                paulsonlawfirmpllc@gmail.com
                                                MN Attorney Reg. No. 0390157

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
|  | Bankruptcy No. | Chapter 7<br>15-42460 |
|  | Adversary. No. | 17-4076 |

In Re: )
)
)
Paul Hansmeier, )
)
                Debtor. )
) **MEMORANDUM OF LAW IN**
Paul Hansmeier, ) **RESPONSE TO SUMMARY**
) **JUDGMENT**
                Plaintiff, )
   vs. )
)
Dan Booth; Paul Godfread; and )
Jason Sweet, )
)
                Defendants. )

      There is no evidentiary support for the Plaintiff's inflated damages. There is evidentiary support for more limited damages for the attorney's fees that relate directly to the Defendant. However, the fact that Plaintiff willfully filed his motion without including evidence that the bankruptcy court would find necessary to adjudicate his claims should preclude him from being awarded actual damages. The Plaintiff's actions in this filing show he doesn't have clean hands, and therefore should not recover for a false claim, the same harm for which he filed his adversary complaint. Summary judgment should be denied, and the Plaintiff should recover nothing.

5

**Summary judgment standard**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). When a summary judgment motion is brought, facts must be viewed in a light most favorable to the nonmoving party. *Grondahl v. Bullock*, 318 N.W.2d, 240, 242 (Minn. 1982). Summary judgment is "mandatory against a party who fails to establish an essential element of [the] claim." *Lloyd v. In Home Health, Inc.,* 523 N.W.2d 2, 3 (Minn. Ct. App. 1994). A fact issue is material only when its resolution affects the outcome of the case. *Laska v. Anoka County*, 696 N.W.2d 133, 140 (Minn. Ct. App. 2005). The substantive law identifies which facts are material. *Bond v. Commissioner of Revenue*, 691 N.W2d 831, 836 (Minn. 2005).

The burden is on the moving party to show the absence of any genuine issue of material fact. Minn. R. Civ. P. 56.03; *Bixler v. J.C. Penney Co.,* 376 N.W.2d 209, 215 (MInn. 1985). In analyzing a motion for summary judgment, the court views the evidence in the light most favorable to the party opposing the motion. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993).

The Defendant agrees that it is well-settled that the bankruptcy court has authority to award attorney's fees under 11 U.S.C. 105(a). *See In re Clark*, 223 F.3d 859 (8th Cir. 2000). But coupled with that is the general notion that awards are to deter, rather than compensate. *In re Kujawa*, 256 B.R. 598 (B.A.P. 8th Cir. 2000).

**Argument**

The Defendant does not object to the Plaintiff's first two issues—though the argument is misplaced. There is no genuine issue of material fact for the COURT that allows it to order sanctions, that's just a matter of procedure or the court's equitable power under section 105.

The Defendant does, however, object to the court's sanctioning of Paul Goodfread and the amount demanded. If the object of awarding sanctions is to deter, Defendant has been deterred months ago by having the trustee object to and reject the claims he made. There may be question of mootness as well, since Mr. Hansmeier has voluntarily surrendered his discharge, but the bankruptcy court has already narrowed the focus in its Order to actual damages. Plaintiff has filed an "abandonment of claims" in regard to the majority of the monetary damages. The only damages that may remain are attorney's fees directly relating to Defendant's filing of the claim.

On Barbara May's billing statement, Paul Godfread is mentioned twice. The first is from Saturday November 14, 2015 where the billing notation states "legal draft objection to claims of Paul Godfread." for 1.20 hours. The next is Thursday November 19, 2015 where it states, "attend confirmation hearing, conference with Sheu, Kreutziger, Godfread, call to clerk, legal draft motion, call from client about his wife's change in circumstances" which was billed at 2.5 hours and is clearly not entirely about Paul Godfread. Those are the only billing notations directly relating to Paul Godfread. The 12.9 hours stated in Barbara May's verified statement are not supported by what was in her contemporaneous billing pursuant to Federal Rule of Evidence 1002. The billing statement is the original document, and the verified statement does not make it clear what is actually being billed.

7

**Billing Statements are necessary for the Court's adjudication of this matter.**

It is customary for attorneys to submit attorney's fees and costs to the bankruptcy court and there are rules for how they must be filed. The Plaintiff failed to include the billing statement, even after engaging in discussions about it with Defendant's counsel. Because the billing statement reflects significantly less time than has been sworn to, there may have been a motive to exclude it. Because the billing statement was excluded, and it was necessary for determination of attorney's fees, this could be considered filing a false claim.

It makes little sense under the equitable powers of the bankruptcy court to award fees to the Plaintiff when in a motion he does precisely the same action he claims the Defendant did in the adversary proceeding. For this reason, the Plaintiff's motion should be denied and no attorney's fees should be collected by either party.

**VERIFICATION**

I declare under penalty of perjury that I have reviewed the attached motion, affidavits, memorandum, and papers, and verify that the information contained in them is true and correct to the best of my knowledge.

___/e/ Jon E. Paulson_____          Date: ___11/10/2016

**VERIFICATION**

I declare under penalty of perjury that I have reviewed the attached motion, affidavits, memorandum, and papers, and verify that the information contained in them is true and correct to the best of my knowledge.

[signature]                           Date: ___11/10/2016

Dated: 11/10/2017                             /e/ Jon E. Paulson
                                              **Paulson Law Firm PLLC**
                                              Attorney for Paul Godfread
                                              860 Blue Gentian Road
                                              Suite 200
                                              Eagan, MN 55121
                                              651-260-8215
                                              paulsonlawfirmpllc@gmail.com
                                              MN Attorney Reg. No. 0390157